# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MECCATECH, INC.,** | ) | **CASE NO. 8:05CV570** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **CLAUDIA KISER, SARAH SHEPHERD,** | ) | |
| **PAT BARIL, STRATEGIC** | ) | |
| **GOVERNMENTAL SOLUTIONS, INC.,** | ) | |
| **NEBRASKA ASSOCIATION OF** | ) | |
| **SCHOOL BOARDS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the motion (Filing No. 52) of the Defendant Nebraska Association of School Boards, Inc. ("NASB"), to dismiss Plaintiff's Seventh Cause of Action, alleging a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961-68 ("RICO"). For the reasons stated below, NASB's motion will be granted.

## STANDARD OF REVIEW

NASB has presented its motion under Fed. R. Civ. P. 9(b) and 12(b)(6).

Fed. R. Civ. P. 9(b) provides in pertinent part: "In all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." "Rule 9(b)'s 'particularity requirement demands a higher degree of notice than that required for other claims,' and 'is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations.'" *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8ᵗʰ Cir. 2006), quoting *United States ex rel. Costner v. URS Consultants, Inc.,* 317 F.3d 883, 888 (8ᵗʰ Cir. 2003). "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the

defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id.,* citing *Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1012 (11th Cir. 2005). "Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *Id.*, citing *Costner*, 317 F.3d at 888. Rule 9(b) requires more than "conclusory and generalized allegations." *Id.* at 557, citing *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002). Although relaxation of Rule 9(b) may be appropriate under certain circumstances in the RICO context *(id.* at 561 n.4, citing *Emery v. American General Finance, Inc*., 134 F.3d 1321, 1323 (7th Cir. 1998)), the particularity requirements of Rule 9(b) do apply to allegations of mail fraud when used as predicate acts for a RICO claim. *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 919 (8th Cir. 2001), citing *Murr Plumbing, Inc. v. Scherer Brothers Financial*, 48 F.3d 1066, 1069 (8th Cir. 1995).

Fed. R. Civ. P. 12(b)(6) allows a party to move to dismiss a claim if it is not one "upon which relief can be granted." In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true; and must liberally construe the complaint in the light most favorable to the plaintiff. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001); *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Young,* 244 F.3d at 627. Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Schmedding*, 187 F.3d at 864. Nevertheless, dismissal under

Rule 12(b)(6) serves to cancel actions which contain fatal flaws in their legal premises, and thereby spare the parties to the inappropriate action the burden and expense of unnecessary pretrial and trial activities. *Young,* 244 F.3d at 627. Therefore, to avoid dismissal, a complaint must provide allegations sufficient to state a claim as a matter of law and not merely provide legal conclusions. *Id.*

## FACTUAL ALLEGATIONS

In its Complaint (Filing No. 1), the Plaintiff, Meccatech, Inc. ("MTI") alleges that certain Defendants formerly employed by MTI (Claudia Kiser, Sarah Shepherd, and Pat Baril, hereafter the "Former Employee Defendants"), acted "in conjunction with the NASB" to distribute certain non-renewal letters to school districts through the United States Postal System, and then to divert the executed non-renewal letters and hold them until all the districts had authorized the discontinuation of MTI's services. (*Id.* ¶¶ 22-26). MTI alleges that the executed non-renewal letters were forwarded to NASB; received by Shepard and/or NASB as early as April 2005; and then held or arranged to be held by the Former Employee Defendants and NASB until all the districts had authorized the discontinuation of MTI's services. (*Id.* ¶¶ 23-26). This conduct allegedly prevented MTI from learning that it was at risk of losing the business of the school districts, and prevented MTI from negotiating new contracts with the districts. (*Id.* ¶¶ 31, 37).

In its Seventh Cause of Action, MTI alleges that the Defendants constitute an enterprise affecting interstate commerce (*id.,* ¶ 78), and that NASB is a "person" within the meaning of 18 U.S.C. § 1961(3) who conspired with other Defendants with respect to a pattern of racketeering activity in violation of 18 U.S.C. §1962(d), including multiple acts of mail fraud in violation of 18 U.S.C. §1341. (*Id.* ¶¶ 80-81). MTI alleges that NASB engaged certain Defendants "to partake in a scheme to defraud MTI of its right to honest

services." (*Id.* ¶ 81).  More specifically, MTI alleges that "[w]hile employed by MTI, the Former Employee Defendants through the use of the United States Postal Service, mailed approximately 172 Non-Renewal Letters to the Districts and subsequently withheld said returned Non-Renewal Letters from the United States Postal Service until after all of the Districts authorized the discontinuation of MTI's services." (*Id.*).  MTI alleges that the acts occurred on or about April, May, June and July of 2005, constituting a pattern of racketeering activity within the meaning of 18 U.S.C. §1961(5) (*id.* ¶ 82), and that, as a result, MTI suffered damages.  (*Id.* ¶83).  Consequently, MTI seeks treble damages, interest, and attorney fees under RICO.  (*Id.* ¶84).

## DISCUSSION

"To have standing to make a RICO claim, a party must have 1) sustained an injury to business or property 2) that was caused by a RICO violation."  *Asa-Brandt, Inc. v. ADM Investor Services, Inc.*, 344 F.3d 738, 752 (8th Cir. 2003), citing *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.,* 187 F.3d 941, 951 (8th Cir. 1999).  "Then a RICO plaintiff must prove the defendant 'engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity,'" *Id.,* quoting *Handeen v. Lemaire*, 112 F.3d 1339, 1347 (8th Cir. 1997).

As noted in this Court's Memorandum and Order Denying Motion for Preliminary Injunction (Filing No. 54), MTI has demonstrated that it sustained an injury to its business, and there is some evidence that MTI would not have been injured but for the actions of the Defendants.  (*Id.* p. 11).  The question before the Court at this time is whether the Complaint alleges with sufficient particularity that NASB engaged in "conduct of an enterprise through a pattern of racketeering activity."

*Conduct*

The *conduct* requirement authorizes recovery only against individuals who participate in the operation or management of the enterprise itself. *Handeen,* 112 F.3d at 1347, citing *Bennett v. Berg*, 710 F.2d 1361, 1364 (8th Cir. 1983)(*en banc*). It is not necessary that a RICO defendant have wielded control over the enterprise, but the plaintiff must prove that the defendant took some part in the *direction* of the enterprise's affairs. *Id.*, citing *United States v. Darden*, 70 F.3d 1507, 1518 (8th Cir. 1995). Congress did not mean to penalize all who are employed by or associated with a RICO enterprise, but only those who, by virtue of their association or employment, play a part in *directing* the enterprise's affairs. *Id.* at 1348, citing *Reves v. Ernst & Young*, 507 U.S. 170, 184-85 (1993). Accordingly, RICO does not extend to persons who perform routine services for an enterprise, or who are simply conducting their *own* affairs as opposed to the affairs of the enterprise. *Id.* at 1348-49. Although MTI's Complaint alleges that NASB conspired with other Defendants and held certain non-renewal letters, or arranged for them to be held, until all the school districts had authorized the discontinuation of MTI's services, the Complaint does not allege facts from which one can fairly conclude that NASB was involved in the *operation, management or direction* of the alleged enterprise, as opposed to the mere performance of its own routine business affairs.

*Enterprise*

To prove that an *enterprise* exists, a plaintiff must show "a common or shared purpose, some continuity of personnel, and an ascertainable structure distinct from the pattern of racketeering." *Asa-Brandt, Inc.,* 344 F.3d at 752, citing *Handeen*, 112 F.3d at 1351. A RICO plaintiff must show an "organizational pattern or system of authority" to demonstrate the existence of an enterprise. *U.S. v. Lemm,* 680 F.2d 1193, 1199 (8th Cir.

1982).  MTI alleges "[u]pon information and belief, the NASB Consortium was created as a means of diverting MTI's business away from MTI and to SGS [Defendant Strategic Governmental Solutions, Inc.], a competing vendor," (Complaint, ¶ 18).  MTI also alleges that approximately 180 individual school districts throughout Nebraska appointed the NASB Consortium to act as the districts' agent for purposes of Medicaid reimbursement (Complaint ¶¶ 12, 17), and that the "Former Employee Defendants were aware the NASB Consortium was being created and that it intended to retain a vendor other than MTI to provide Medicaid Reimbursement to the Districts and that it intended to forward the Non-Renewal Letters."  (Complaint ¶ 20).  MTI does not state *who* "created" the NASB Consortium,[1] how it was controlled or directed, whether it served as an agent of other Defendants, or how it fit into any organizational pattern or system of authority with the other Defendants.  The allegations against NASB itself are minimal, as described in the "Factual Allegations" section, above.  Even if a common or shared purpose among the Defendants is inferred from the Complaint, MTI has not alleged continuity of personnel or an ascertainable structure distinct from the alleged pattern of racketeering, sufficient to demonstrate the existence of an "enterprise."

*Pattern*

Neither has MTI sufficiently pled a *pattern* of racketeering activity.  To plead a "pattern," a plaintiff must demonstrate "continuity of racketeering activity."  *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 241 (1989).  Continuity may be closed-ended, referring to a closed period of repeated conduct, or open-ended, referring to past conduct that by its nature projects into the future with a threat of repetition.  *Id.*  MTI has

---

[1] MTI does allege, on information and belief,  that the Former Employee Defendants "assisted in the process of creating the NASB Consortium."  (Complaint ¶ 21).

not alleged open-ended continuity.  Instead, it has alleged that the Defendants engaged in "predicate acts which constitute a pattern of racketeering activity" . . . "occurring on or about April, May, June and July of 2005 . . . ." (Complaint, ¶¶ 81-82).  Closed-ended continuity will be found only where related predicate acts occur over a "substantial period of time."  *H.J., Inc.,* 492 U.S. at 242.  "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct."  *Id.*  The Eighth Circuit Court of Appeals has found that alleged predicate acts extending over a period of ten to eleven months are insufficient to establish closed-ended continuity under RICO, because such a period is "insubstantial."  *Primary Care Investors, Seven, Inc. v. PHP Healthcare Corp.*, 986 F.2d 1208, 1215-16 (8th Cir. 1993).[2]  "Other Circuits have consistently held that the requirement of continuity over a closed period is not met when the predicate acts extend less than a year."  *Id.* at 1215*; Handeen*, 112 F.3d at 1353.  Accordingly, MIT's allegation of predicate acts extending over four months[3] is insufficient to demonstrate a pattern of racketeering activity under RICO.

## Racketeering Activity

With respect to the element of *racketeering activity*, MTI's allegations are based on the offense of mail fraud.  Mail fraud "is broad in scope and its fraudulent aspect is

---

[2] MTI cites to *United States v. Nabors*, 45 F.3d 238 (8th Cir. 1995), for the proposition that a period of time as short as seven months may be sufficient to demonstrate a closed-ended pattern of racketeering activity under RICO. *Nabors* concerned an *indictment* in a *criminal* case.  The Eighth Circuit Court noted that there was no equivalent criminal procedure to the motion for summary judgment that may be made in a civil case, and the government's proof that the alleged acts amounted to more than sporadic crime did not need to be offered until trial.  *Id.* at 240-41.

[3] Although MTI now contends that the predicate acts occurred "as early as January 2005" (referring to Complaint ¶ 22, alleging that the Former Employee Defendants "acted in conjunction with the NASB and/or the NASB Consortium"), it is in paragraphs 81-82 of the Complaint (Seventh Cause of Action) that MTI specifies its allegations of predicate acts under RICO.  Even if the closed-ended continuity of alleged racketeering activity were to cover a seven-month period, it would be insufficient to establish a pattern under RICO.

measured by a non-technical standard, condemning conduct which fails to conform to standards of moral uprightness, fundamental honesty, and fair play," and a plaintiff "may, but need not, allege that a defendant made misrepresentations of fact." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 918 (8th Cir. 2001). Even routine mailings or those that are sent for legitimate business purposes may serve as elements of mail fraud so long as they assist in carrying out the fraud. *Id.*, citing *Atlas Pile Driving Co. v. DiCon Financial Co.*, 886 F.2d 986, 991 (8th Cir. 1989). A plaintiff must, however, specifically allege the circumstances constituting the alleged fraud, including such matters as the time, place and contents of any false representations, as well as the identity of the person making any such misrepresentations and what was obtained or given up thereby. *Id.*, citing *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982). MTI's Complaint does not allege any false representations on the part of NASB or other Defendants. Instead, MTI alleges that the Defendants acted in concert to conceal from MTI the fact that school districts were not renewing their contracts with MTI. It is unclear what, if anything, NASB obtained as a result of this allegedly unfair business practice. MTI's allegations of mail fraud against the NASB are not pled with the particularity required by Rule 9(b) and, consequently, are insufficient to support a claim of racketeering activity under RICO.

## CONCLUSION

Because it cannot fairly be inferred from the allegations in the Complaint that NASB was involved in the operation, management or direction of the alleged enterprise; and because no organizational pattern or system of authority between NASB and the other Defendants has been alleged; and because the predicate acts described in the Complaint are insufficient to establish conduct of closed-ended continuity occurring over a substantial period of time; and because the allegations of fraud are not pled with the particularity

necessary to infer any racketeering activity itself; MTI has not sufficiently alleged that NASB engaged in *conduct* of an *enterprise* through a *pattern* of *racketeering activity*. MTI's RICO claim against NASB is subject to dismissal for failure to state a claim upon which relief can be granted.

IT IS ORDERED:

1.     The Defendant Nebraska Association of School Boards, Inc.'s Motion to Dismiss Plaintiff's Seventh Cause of Action (Filing No. 52) is granted; and

2.     The Plaintiff Meccatech, Inc.'s Seventh Cause of Action is dismissed, without prejudice, with respect to the Defendant Nebraska Association of School Boards, Inc., only.

.

Dated this 7th day of June, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

9