IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MECCATECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLAUDIA KISER, SARAH SHEPHERD, PAT BARIL, STRATEGIC GOVERNMENTAL SOLUTIONS, INC. and THE NEBRASKA ASSOCIATION OF SCHOOL BOARDS, INC., <br><br> Defendants. | No. CV: 8:05CV570 <br><br> **REPLY TO THE NEBRASKA ASSOCIATION OF SCHOOL BOARDS, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM** |

## I.  INTRODUCTION[1]

Approximately six years ago, MTI began working with school districts in Nebraska to obtain reimbursement of the school districts' Medicaid claims and to provide advice and assistance with respect to Medicaid regulatory compliance (Complaint ¶ 9, 10). In January 2005, the school districts appointed the NASB as their billing agent for their Medicaid claims, authorizing the NASB to submit their Medicaid claims to the federal government for reimbursement (Complaint ¶ 17). As the school districts' billing agent, the NASB receives the reimbursement for all of the school districts' Medicaid claims and, with the exception of certain

---

[1] "Plaintiff" or "MTI" refers to Plaintiff MeccaTech, Inc.; "NASB" refers to The Nebraska Association of School Boards, Inc.; and the "NASB Consortium" refers to The NASB Medicaid Reimbursement Consortium; "Complaint" refers to Complaint (Filing No. 1-1); "Counterclaim" refers to Answer and Counterclaim of Nebraska Association of School Boards, Inc. (Filing No. 67); "NASB Brief" refers to Nebraska Association of School Boards, Inc.'s Brief in Opposition to Plaintiff's Motion to Dismiss Counterclaim (Filing No. 79); "MTI Brief" refers to Plaintiff's Brief in Support of Motion to Dismiss Counterclaim Filed by the Nebraska Association of School Boards, Inc. Against MeccaTech, Inc. (Filing No. 72).

4844-6918-7329.1

administrative fees which the NASB retains, distributes the entire reimbursement to the school districts and MTI pursuant to the various contracts between MTI and each of the school districts. The NASB has no discretion to deviate from the procedure established by the contracts or to distribute funds to either MTI or the school districts not in accord with the contracts.

Notwithstanding its limited role as an intermediary and billing agent, the NASB has unilaterally concluded "on information and belief" that MTI has "breached its contracts with the individual school districts . . . ." (Counterclaim ¶ 47). In light of its purported discovery of MTI's alleged breach of its contracts with the school districts, the NASB has determined on its own to cease distributing payments to MTI. The NASB has not alleged in either its Counterclaim or in the NASB Brief that any school district has objected to payment of the funds owed to MTI or that any school district has alleged that MTI breached its contract with that district. The NASB now contends that its own unwarranted intervention constitutes an actual case or controversy. The NASB is wrong.

## II.   ARGUMENT

### A.   The NASB Lacks Standing to Pursue the School District's Purported Claims for Breach of Contract.

The NASB has recognized that in order "for a plaintiff to have standing to pursue a declaratory judgment claim, three factors must be present: (1) there must be a concrete and particularized and actual or imminent injury in fact; (2) a causal connection between the imminent injury and conduct being challenged must exist; and (3) a favorable decision must redress the imminent injury" (NASB Brief at 5), *citing Olympus Aluminum Prods, Inc. v. Kehm Enterprises, Ltd.*, 930 F. Supp. 1295, 1306 (N.D. Iowa 1996). The NASB has failed to satisfy these requirements and accordingly does not have standing to pursue its counterclaim.

The NASB has not sustained any actual or imminent injury in fact. "For purposes of standing, a plaintiff's injury must consist of an invasion of a *legally protected interest* which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Shain v. Veneman*, 376 F.3d 815, 818 (8th Cir. 2004) (emphasis added). The NASB states that the "actual or imminent injury" it will suffer is that it "will be subject to a claim by Mecca-Tech to pay over" the disputed funds (NASB Brief at 5-6). The NASB fails to explain how "be[ing] subject to a claim" constitutes an "injury in fact." The NASB has no "legally protected interest" which would be invaded if MTI submits a claim to the NASB for payment of the disputed funds. The NASB has entered into contracts with both the school districts and MTI in part for the purpose of distributing the Medicaid reimbursement funds to the districts and MTI. To now assert that the NASB has a legally protected interest that prevents MTI from even making a claim for funds that are owed to MTI is puzzling to say the least.

To the extent the NASB alleges its "injury in fact" consists of the payment of the disputed funds to MTI, that contention is also in error. The NASB is an agent hired by the school districts and MTI to perform certain administrative functions, including the distribution of certain funds to the school districts and MTI. The NASB has no ownership interest in the disputed funds. Accordingly, "loss" of the disputed funds cannot be considered an "injury" incurred by the NASB because the NASB has no right to ownership of the funds.

Moreover, even if the NASB has a legally protected interest which would be invaded if MTI made a claim for the disputed funds, it is unclear how "a favorable decision would redress this imminent injury." *Olympus Aluminum Prods, Inc.*, *supra*, 930 F. Supp. at 1306. The NASB is not asking this Court to enjoin MTI from making a claim for the disputed funds; the NASB is asking the Court to actually resolve MTI's purported claim to the funds.

The inanity of the NASB's explanation of it's purported injury only further demonstrates that the NASB is not the real party in interest. The NASB's Counterclaim is a declaratory judgment action in name only. The NASB is attempting to prosecute the school district's purported claims for breach of contract, notwithstanding the fact that, as MTI noted in its initial brief, "there has been no showing that each and every one of the school districts even believe that MTI has breached any agreement with them" (MTI Brief at 5, n.4).[2] In fact, the NASB has not alleged in either its Counterclaim or its Brief in Opposition that *any* school district has objected to payment of the funds owed to MTI or claimed that MTI breached its contract with the school district. The NASB's Counterclaim should be dismissed.

**B.     The School Districts Cannot Be Joined in This Action, Yet the Court Cannot Provide Complete Relief to MTI Without Their Presence as Parties.**

The NASB argues that the school districts are not a necessary party under Fed. R. Civ. P. 19(a) because the Court's decision on the NASB's Counterclaim "will not impede or impair the school districts' rights" (NASB Brief at 10). The NASB's argument is contradicted by case law and its own statements to the contrary.

In *Pembina Treaty Committee v. Lujan*, 980 F.2d 543, 544 (8th Cir. 1992) the Eighth Circuit Court of Appeals affirmed that an immune tribe was a necessary and indispensable party to a declaratory judgment action to determine distributions when the tribe "had an interest in the trust disbursements that could not be adequately protected if the tribe did not participate in the

---

[2] Indeed, the facile and specious nature of NASB's argument is readily apparent from the inconsistent nature of the NASB's own Brief. Although the NASB claims it is merely asserting its own claim for declaratory judgment, and not the 176 Districts' individual breach of contract claims, it supports this supposed "independent declaratory action" by asserting no less than 16 times in its 14 substantive pages of argument that MTI breached its underlying contracts with the districts (the below-signed would note that "16" is a charitably conservative estimation). One would presume that if the NASB truly had independent bases to support a declaratory judgment, it would not need to parrot nearly 20 times the alleged (but unsupported) breach of contract claims belonging to the 176 districts. Plainly, the NASB is doing nothing here but attempting to bootstrap a claim that it has an independent claim, when all it is in fact doing is improperly asserting the claims of third parties which are outside the jurisdiction of this Court.

suit." The court recognized that the tribe would not be "protected by any other person already a party." *Id*. at 546.

The NASB repeatedly argues that the school districts' interests will be adequately protected by the NASB (NASB Brief at 11, 15 at n.5). However, the NASB fails to provide any support that it is acting in the interest of the school districts. The NASB has not alleged or provided any proof that: (a) it is authorized to represent and prosecute what it alleges are the school districts' purported breach of contract claims against MTI; (b) the school districts have assigned their purported claims against MTI to the NASB; or (c) any of the school districts have even asserted that there has been a breach at all by MTI. The NASB even recognizes that "as Mecca-Tech correctly points out, the School Districts have not assigned their claims to the NASB, and the NASB is not pursuing any breach of contract claim as an assignee of the School Districts" (NASB Brief at 10). The NASB has not alleged any authorization by any of the school districts to litigate this Counterclaim and accordingly, is not an adequate representative of each of the 172 school districts. The NASB's Counterclaim should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, MTI respectfully requests that the Court dismiss the NASB's Counterclaim without prejudice.

4844-6918-7329.1

5

Dated this 15th day of September, 2006.

            MECCA-TECH, INC., Plaintiff

            By: s/Paul R. Gwilt
              Marcia A. Washkuhn  #21022
              Paul R. Gwilt #22660
              Kutak Rock LLP
              The Omaha Building
              1650 Farnam Street
              Omaha, NE  68102-2186
              (402) 346-6000

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sent notification of such electronic filing to the following:

 William R. Johnson
 wjohnson@ldmlaw.com
 LAMSON, DUGAN and MURRAY, LLP
 10306 Regency Parkway Drive
 Omaha, NE  68114
 Attorneys for CLAUDIA KISER, SARA SHEPHERD, PAT BARIL, and STRATEGIC GOVERNMENTAL SOLUTIONS, INC., Defendants

 James M. Bausch
 jbausch@clinewilliams.com
 Andre Barry
 abarry@clinewilliams.com
 CLINE WILLIAMS
 1900 First Bank Building
 233 South 13th Street
 Lincoln, NE  68508-2095
 Attorneys for the NASB, Defendant

              s/ Paul R. Gwilt
              Paul R. Gwilt