IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MECCATECH, INC.,** | ) | **CASE NO. 8:05CV570** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **CLAUDIA KISER, SARAH SHEPHERD, PAT BARIL, STRATEGIC GOVERNMENTAL SOLUTIONS, INC., NEBRASKA ASSOCIATION OF SCHOOL BOARDS,** | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the motion (Filing No. 107) filed by Defendants Claudia Kiser, Sarah Shepherd, Pat Baril (collectively the "Former Employees") and Strategic Governmental Solutions, Inc., ("SGS") seeking dismissal of the seventh cause of action of the Complaint, which asserts a civil claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961-68 ("RICO"). Upon a prior motion to dismiss, the Court dismissed the Seventh Cause of Action against Defendant Nebraska Association of School Boards ("NASB") only. (Filing No. 64). For the reasons stated below, the SGS and Former Employees' motion to dismiss the seventh cause of action will also be granted.

## STANDARD OF REVIEW

SGS and the Former Employees present their motion under Fed. R. Civ. P. 9(b) and 12(b)(6), and as explained in their reply brief, in the alternative under Rule 12(c).

Fed. R. Civ. P. 9(b) requires that fraud be alleged with particularity. The Eighth Circuit Court recently set forth the black letter law related to Rule 9(b)'s particularity requirement.

> Under Rule 9(b), the circumstances constituting fraud ... shall be stated with particularity. Rule 9(b)'s particularity requirement demands a higher degree

> of notice than that required for other claims, and is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations. To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. Put another way, the complaint must identify the "who, what, where, when and how" of the alleged fraud.

*United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) citations omitted.

MTI argues that the pending motion to dismiss pursuant to Rule 12(b)(6) is untimely because it was not asserted prior to the filing of the Defendants' Answer. (Filing No. 40). To avoid the effect of the untimely filing, the Defendants ask the Court to consider the motion as a motion for judgment on the pleadings under Rule12(c), which is permitted "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c).

There is little difference between the standard of review under Rules 12(b)(6) and 12(c).[1] In reviewing a motion for judgment on the pleadings under Rule 12(c), a court will "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *United States v. Any & All Radio Station Transmission Equip.,* 207 F.3d 458, 462 (8th Cir. 2000). "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Faibisch v. University of Minnesota*,

---

[1] Compare the standard for motions brought pursuant to Rule 12(c) set forth above with the standard for Rule 12(b)(6), pursuant to which a court must assume that all the facts alleged in the complaint are true; and must liberally construe the complaint in the light most favorable to the plaintiff. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001); *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999).

304 F.3d 797, 803 (8th Cir. 2002). The Court will consider the motion as one for judgment on the pleadings.

## FACTUAL ALLEGATIONS

Plaintiff MeccaTech, Inc. ("MTI") alleges that its former employees, Claudia Kiser, Sarah Shepherd, and Pat Baril, along with SGS, acted together with the NASB Consortium to distribute certain non-renewal letters to school districts through the United States Postal System, and then, upon the return of the executed letters, secretly collected them and withheld them from MTI and its president until such time when all the districts had authorized the discontinuation of MTI's services. (*Id.* ¶¶ 22-31). MTI alleges that this conduct deprived it of the notice of non-renewal that it was due under its contract with the school districts, and it prevented MTI from timely negotiating for a new contract. (*Id.* ¶¶ 31, 37).

In its Seventh Cause of Action, MTI alleges that the Defendants constitute an enterprise, and that through SGS, the enterprise affects interstate commerce (*Id.* ¶ 78). MTI alleges that the Former Employees and SGS are "persons" within the meaning of 18 U.S.C. § 1961(3), and that SGS and the Former Employees conspired and engaged in a pattern of racketeering activity in violation of 18 U.S.C. §1962(d). (*Id.* ¶79). The predicate acts include multiple acts of mail fraud in violation of 18 U.S.C. §1341. (*Id.* ¶¶ 80-81). MTI alleges that "[w]hile employed by MTI, the Former Employee[s] . . . through the use of the United States Postal Service, mailed approximately 172 Non-Renewal Letters to the Districts and subsequently withheld said returned Non-Renewal Letters from the United States Postal Service until after all of the Districts authorized the discontinuation of MTI's services." (*Id.* ¶ 81). MTI alleges that the acts occurred from approximately April through July 2005, and that they constitute a pattern of racketeering activity within the meaning of

3

18 U.S.C. §1961(5).  (*Id.* ¶ 82). MTI alleges that it suffered damages as a result, and it seeks treble damages, interest, and attorney fees under RICO.  (*Id.* ¶¶ 83, 84).

## DISCUSSION

SGS and the Former Employees adopt the substantive arguments previously made by NASB to the Court in connection with the NASB's motion to dismiss the Seventh Cause of Action against it, and they contend that the outcome of their motion should be, like it was for NASB, a dismissal of the RICO claim.  MTI argues that the Defendants' approach and the logic supporting it are flawed. MTI contends that the well-pleaded facts materially differentiate the RICO claim against SGS and the Former Employees from its RICO claim against NASB.  The Court agrees that there is a difference between them.  While the strength of the RICO allegations against SGS and the Former Employees is greater than was the strength of the RICO allegations against the NASB,  it is insufficient to overcome the pending motion to dismiss.

"To have standing to make a RICO claim, a party must have 1) sustained an injury to business or property 2) that was caused by a RICO violation." *Asa-Brandt, Inc. v. ADM Investor Services, Inc.*, 344 F.3d 738, 752 (8th Cir. 2003), citing *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.,* 187 F.3d 941, 951 (8th Cir. 1999).  *See also Anza v. Ideal Steel Supply Corp.*, __ U.S. __ ,126 S.Ct. 1991, 1998 (2006) (observing that when evaluating proximate causation under RICO, the central question is whether the alleged violation led directly to the plaintiff's injuries.)  A RICO plaintiff must prove the defendant "engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Handeen v. Lemaire*, 112 F.3d 1339, 1347 (8th Cir. 1997).  MTI's allegations, taken as true, demonstrated that it sustained an injury to its business, and that MTI injury was proximately caused by actions of the Defendants.  Thus, the remaining question on the RICO claim is whether the

Complaint alleges with sufficient particularity that the SGS Defendants engaged in "conduct of an enterprise through a pattern of racketeering activity."

***Conduct***

The *conduct* requirement authorizes recovery only against individuals who participate in the operation or management of the enterprise itself. *Handeen,* 112 F.3d at 1347, citing *Bennett v. Berg*, 710 F.2d 1361, 1364 (8th Cir. 1983)(*en banc*). It is not necessary that a RICO defendant wields control over the enterprise, but the plaintiff must prove that the defendant took some part in the *direction* of the enterprise's affairs. *Id.*, citing *United States v. Darden*, 70 F.3d 1507, 1518 (8th Cir. 1995). Congress did not mean to penalize all who are employed by or associated with a RICO enterprise, but only those who, by virtue of their association or employment, play a part in *directing* the enterprise's affairs. *Id.* at 1348, citing *Reves v. Ernst & Young*, 507 U.S. 170, 184-85 (1993). Accordingly, RICO does not extend to persons who perform routine services for an enterprise, or who are simply conducting their *own* affairs as opposed to the affairs of the enterprise. *Id.* at 1348-49.

Although this Court found that the conduct requirement was not satisfied as against the NASB, the allegations are that Former Employees Kiser, Shepherd and Baril certainly played some role in the operation and direction of the enterprise's affairs. Baril is alleged to have notified the school districts of the creation of the NASB Consortium. One or more of the Former Employees are alleged to have mailed the non-renewal letters out in January 2005, and directed the school districts to return them in care of Shepherd. The Complaint alleges that when the non-renewal letters were returned in care of Shepherd, she held them or she and the Former Employees arranged to have them withheld from MTI's president until such time when all the school districts had authorized the discontinuation

of MTI's services. Within a few weeks of the disclosure of the non-renewal letters to MTI, all the Former Employees were employed by SGS, and SGS had secured MTI's business. The Court finds, based on these allegations, that one could fairly conclude that the Former Employees were involved in the *operation, management or direction* of the alleged enterprise. The allegations relating to the Former Employees' conduct demonstrate an active involvement in directing the actions of others, and hands-on operation of the enterprise. The allegations relating to the Former Employees are clearly distinguishable from the allegations related to the NASB, which involved no more than conducting its own routine business affairs.

*Enterprise*

To prove that an *enterprise* exists, a plaintiff must show "a common or shared purpose, some continuity of personnel, and an ascertainable structure distinct from the pattern of racketeering." *Asa-Brandt, Inc.,* 344 F.3d at 752, citing *Handeen*, 112 F.3d at 1351. A RICO plaintiff must show an "organizational pattern or system of authority" to demonstrate the existence of an enterprise. *U.S. v. Lemm,* 680 F.2d 1193, 1199 (8th Cir. 1982). MTI alleges that the Former Employees are persons who maintained the enterprise in violation of 18 U.S.C. § 1962(d). (Filing No. 1, ¶ 79). MTI also alleges that SGS and the NASB were involved in a conspiracy with the Former Employees to deprive MTI of is business. MTI does not allege, however, the manner in which the enterprise was controlled or directed, whether one of the Former Employees served as an agent of the other or another Defendant, or how the two entities fit into an organizational pattern or system of authority with the Former Employees. The Court finds that the Complaint alleges a common or shared purpose by and between the Former Employees Baril and Shepherd, and arguable SGS. However, because MTI has failed to allege any specific facts about

6

Defendant Kiser's role and has failed to allege facts to show an ascertainable structure distinct from the alleged pattern of racketeering, I conclude that the complaint fails to sufficiently allege the existence of an "enterprise."

*Pattern*

Even if the allegations were sufficient to demonstrate an enterprise, the seventh cause of action must be dismissed because MTI has failed to allege a pattern of racketeering activity. To plead a RICO pattern, "it must also be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, *continuing* racketeering activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 240 (U.S. 1989) *emphasis original*. Continuity may be closed-ended, referring to a closed period of repeated conduct, or open-ended, referring to past conduct that by its nature projects into the future with a threat of repetition. *Id.* at 241. MTI has alleged "predicate acts which constitute a pattern of racketeering activity" . . . "occurring on or about April, May, June and July of 2005 . . . ." (Complaint, ¶¶ 81-82). Closed-ended continuity will be found only where related predicate acts occur over a "substantial period of time." *H.J., Inc.,* 492 U.S. at 242. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *Id.* The Eighth Circuit Court of Appeals has found that alleged predicate acts extending over a period of ten to eleven months are insufficient to establish closed-ended continuity under RICO, because such a period is "insubstantial." *Primary Care Investors, Seven, Inc. v. PHP Healthcare Corp.*, 986 F.2d 1208, 1215-16 (8th Cir. 1993).[2] Consistent with this Court's finding in connection with the NASB's motion to

---

[2] MTI cites to *United States v. Nabors*, 45 F.3d 238 (8th Cir. 1995), for the proposition that a period of time as short as seven months may be sufficient to demonstrate a closed-ended pattern of racketeering activity under RICO. *Nabors* concerned an *indictment* in a *criminal* case. The Eighth Circuit Court noted that there was no equivalent criminal procedure to the motion for summary judgment that may be made in a civil

7

dismiss, MIT's allegation of predicate acts extending over four months[3] is insufficient to demonstrate a pattern of racketeering activity under RICO.

*Racketeering Activity*

With respect to the element of *racketeering activity*, MTI's allegations are based on the offense of mail fraud. Mail fraud "is broad in scope and its fraudulent aspect is measured by a non-technical standard, condemning conduct which fails to conform to standards of moral uprightness, fundamental honesty, and fair play," and a plaintiff "may, but need not, allege that a defendant made misrepresentations of fact." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 918 (8th Cir. 2001) citing *Atlas Pile Driving Co. v. DiCon Financial Co.*, 886 F.2d 986, 991 (8th Cir. 1989). Even routine mailings or those that are sent for legitimate business purposes may serve as elements of mail fraud so long as they assist in carrying out the fraud. *Id.* To the extent that the mailings helped perpetuate an alleged fraud on MTI, the allegations against the Former Employees may have been sufficient to show racketeering activity, but the issue is moot given the Court's conclusion that neither an enterprise nor a pattern of such activity sufficient to state a RICO violation has been alleged.

## CONCLUSION

Because the allegations fail to state, and it cannot fairly be inferred from the allegations, that SGS and the Former Employees established an enterprise or engaged in a pattern of racketeering activity, the Court concludes that their motion for judgment on the

---

case, and the government's proof that the alleged acts amounted to more than sporadic crime did not need to be offered until trial. *Id.* at 240-41.

[3] Although MTI has argued that the predicate acts occurred "as early as January 2005" (referring to Complaint ¶ 22, alleging that the Former Employee Defendants "acted in conjunction with the NASB and/or the NASB Consortium"), it is in paragraphs 81-82 of the Complaint (Seventh Cause of Action) that MTI specifies its allegations of predicate acts under RICO. Even if the closed-ended continuity of alleged racketeering activity were to cover a seven-month period, it would be insufficient to establish a pattern under RICO.

8

pleadings should be granted. Accordingly, MTI's RICO claim against the remaining defendants will be dismissed.

IT IS ORDERED:

1. The remaining Defendants' Motion to Dismiss Plaintiff's Seventh Cause of Action which has been construed as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (Filing No. 107) is granted; and

2. The Plaintiff Meccatech, Inc.'s Seventh Cause of Action is dismissed without prejudice as against all remaining defendants.

Dated this 29th day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge