# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MECCATECH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 8:05CV570 |
| CLAUDIA KISER, SARAH SHEPHERD, PAT BARIL, STRATEGIC GOVERNMENTAL SOLUTIONS, INC. and THE NEBRASKA ASSOCIATION OF SCHOOL BOARDS, INC., | ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Motion [341] of William R. Johnson for leave to withdraw as counsel for defendants Kiser, Shepherd, Baril and Strategic Governmental Solutions, Inc. ("SGS"), and an accompanying Motion for Extension of Court-Ordered Deadlines [343]. For good cause shown, the court finds that the motions should be granted.

The withdrawal of counsel will be effective upon service of this Order, a Notice of Withdrawal, and a copy of the Motion for Leave to Withdraw on the affected clients. At that time, defendants **Kiser**, **Shepherd** and **Baril** will be deemed to be proceeding *pro se* unless substitute counsel has entered a written appearance on their behalf. SGS, however, is a corporate entity. "The law does not allow a corporation to proceed pro se." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). Under Fed. R. Civ. P. 55(a), the court may hold a party in default for failure to defend the action. Under *Ackra Direct*, 86 F.3d at 857, a corporation is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing. Accordingly, the court will enter a default against defendant **SGS** unless substitute counsel has entered a written appearance on its behalf.

**IT IS ORDERED** that the Motion for Leave to Withdraw [341] is granted, as follows:

1. Moving counsel shall immediately serve copies of the Motion for Leave to Withdraw, a Notice of Withdrawal, and a copy of this Order on defendants Claudia Kiser, Sarah Shepherd, Pat Baril, and Strategic Governmental Solutions, Inc.

      2.   Moving counsel shall timely file **proof of service** showing compliance with Paragraph 1 of this Order, listing the names and addresses of the persons to whom notice was sent. Moving counsel will not be relieved of applicable duties to the court, the client, and opposing counsel until proof of service is filed. *See* NEGenR 1.3(f)[1].

      3.   Upon the filing of proof of service pursuant to Paragraph 2 of this Order, defendants **Claudia Kiser**, **Sarah Shepherd** and **Pat Baril** will be deemed to be proceeding *pro se*, that is, without the assistance of counsel, ***unless*** substitute counsel has entered a written appearance on their behalf. If substitute counsel has not entered a written appearance, defendants **Claudia Kiser**, **Sarah Shepherd** and **Pat Baril** shall file written notices of their current addresses and telephone numbers within five (5) business days of being served with the documents described in Paragraph 1 of this Order. The defendants may retain substitute counsel at any time; however, until such time as substitute counsel enters a written appearance, they shall personally comply with all orders of this court, the Federal Rules of Civil Procedure, and the Local Rules of Practice. Failure to comply with these requirements may result in the imposition of sanctions, including payment of costs and attorney's fees and/or the entry of default, pursuant to Rule 37 of the Federal Rules of Civil Procedure.

      4.   Upon the filing of proof of service pursuant to Paragraph 2 of this Order, the Clerk shall enter default against defendant Strategic Governmental Solutions, Inc. ***unless*** substitute counsel has entered a written appearance on behalf of Strategic Governmental Solutions. Any entry of default will be set aside, upon written motion, if substitute counsel enters a written appearance on behalf of Strategic Governmental Solutions, Inc. on or before **March 5, 2008.**

      5.   The Motion for Extension of Court-Ordered Deadlines [343] is granted. The deadlines set in Order [335] are suspended until further order. A new schedule will be entered after substitute counsel enter their written appearances or after **March 5, 2008**, whichever is earlier.

      **DATED February 5, 2008.**

                                 **BY THE COURT:**

                                 **s/ F.A. Gossett**
                                 **United States Magistrate Judge**

---

[1](f) **Withdrawal of Appearance.** An attorney who has appeared of record in a case may withdraw upon a showing of good cause, but will be relieved of applicable duties to the court, the client, and opposing counsel only after filing a motion to withdraw with the court, providing proof of service of the notice on the client, and obtaining the court's leave to withdraw.