IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MECCATECH, INC.,** | ) | **CASE NO. 8:05CV570** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| vs. | ) | **ON STATEMENT OF APPEAL OF** |
| | ) | **MAGISTRATE JUDGE'S ORDER** |
| **CLAUDIA KISER, SARAH SHEPHERD,** | ) | |
| **PAT BARIL, STRATEGIC** | ) | |
| **GOVERNMENTAL SOLUTIONS, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Gary Lange's Statement of Appeal of Magistrate Judge's Order (Filing No. 352). Gary Lange, a non-party deponent, appeals from the Order of Magistrate Judge filed on January 25, 2008, reopening his deposition, limited to matters reasonably related to documents retrieved from Lange's computer hard drive (Filing No. 357). Lange contends that reopening his deposition would be unreasonably cumulative and duplicative; that the Plaintiff had ample opportunity to obtain the information it now seeks previously; that the burden and expense of reopening the deposition outweighs its benefit; that the Plaintiff wrongfully and unlawfully seized or converted the failed hard drive from Lange's personal computer; and that the Order circumvents the rules regarding discovery from non-parties. In addition to responding to Lange's objections, the Plaintiff contends that Lange lacks standing to appeal the Order.

This Court reviews an order from which an appeal has been taken pursuant to 28 U.S.C. § 636(b)(1)(A) and NECivR 72.2. In an appeal from a magistrate judge's order on a pretrial matter within 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C.

§ 636(b)(1)(A); NECivR 72.3(d); *United States v. Apker,* 139 F.R.D. 129, 131 (D. Neb. 1991). "`Clearly erroneous' is a high standard to meet; the challenger must convince the reviewing court that a mistake has been made." *Smith v. BMI, Inc.,* 957 F.2d 462, 463 (7th Cir. 1992).

The Plaintiff objects to Mr. Lange's Appeal contending that he lacks standing. Lange argues that he has standing under *McIntosh v. State Farm*, 1:06-cv-1080, 2008 WL 113846 (S.D. Miss. January 9, 2008). Standing is a fundamental element of federal court jurisdiction, without which federal courts are powerless to act. *Curtis v. City of Des Moines,* 995 F.2d 125 (8th Cir. 1993); (*citing Sierra Club v. Morton,* 405 U.S. 727, 732 (1972)). Only a properly named party may initiate an appeal. *Id. (*citing *Bender v. Williamsport Area School District*, 475 U.S. 534 (1986)). Those who neither intervene nor otherwise attain party status may not appeal a district court's judgment. *Id.* (citations omitted). A recognized exception to this rule is where a person has "an interest in the cause litigated and participated in the proceedings actively enough to make him privy to the record . . . [even though] he was not named in the complaint and did not intervene." *Curtis*, 995 F.2d at 128 (quoting *Kenny v. Quigg,* 820 F.2d 665, 668 (4th Cir.1987).

I find that Lange has subjected himself to the jurisdiction of this Court by filing his Statement of Appeal and that he falls within the exception to the general rule on standing with respect to the issues raised regarding the reopening of his deposition only.[1]

---

[1] Additionally, I find that justice would not be served if the Court waited to address Mr. Lange's objections until a Subpoena is issued compelling his appearance at a second deposition, as that would result in additional undue delay in this matter.

The parties already presented to the Magistrate Judge the same arguments regarding Plaintiff's alleged lack of diligence, redundancy of discovery, and the propriety of Plaintiff's receipt of the hard drive from Mr. Lum as a bailee (Filing Nos. 292 and 294). The arguments were considered and rejected by the Magistrate Judge. After reviewing the record and the parties' briefs, the Court finds that the order of Magistrate Judge is not clearly erroneous or contrary to law as to those issues.

In addition to the arguments previously advanced to the Magistrate Judge, Mr. Lange contends that the hard drive was wrongfully seized or converted and that Plaintiff violated his privacy by accessing documents contained therein. To the extent that the parties may not have raised these grounds, I find that when Mr. Lange gave the hard drive to Mr. Lum he relinquished any and all ownership interest he may have had in the drive. In his deposition, Mr. Lange testified that he did not know what happened to his old computer drive and that he did not instruct Mr. Lum to "do anything except get my computer working." Mr. Lange cannot now argue that Mr. Lum had no right voluntarily to provide the hard drive to Plaintiff's management in October 2007. The Court further finds that Plaintiff's acquisition of the hard drive, and the retrieval of documents from it, was not an abuse of the subpoena requirement under Fed. R. Civ. P. 45. The documents contained on the hard drive were subject to a prior Rule 45 Subpoena, to which Mr. Lange did not object.

If Mr. Lange refuses voluntarily to appear at a second deposition, the parties may issue a Rule 45 Subpoena for his appearance. Mr. Lange should note that the Court has already considered the issues raised in his Statement of Appeal and, should he choose to

3

challenge the subpoena, it will need to be on other grounds or the Court may consider sanctions.

The Court finds that the order of Magistrate Judge (Filing No. 335) is not clearly erroneous or contrary to law.

THEREFORE, IT IS ORDERED:

1. That Gary Lange's Statement of Appeal of Magistrate Judge's Order, Filing No. 352, is overruled; and

2. That the Order of Magistrate Judge, Filing No. 335, is affirmed in its entirety.

DATED this 17th day of March, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge