# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MECCATECH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:05CV570 |
| | ) | |
| CLAUDIA KISER, SARAH SHEPHERD, PAT | ) | ORDER |
| BARIL, and STRATEGIC GOVERNMENTAL | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion [360] of MeccaTech, Inc. ("MTI") to disqualify Joseph O'Hara as counsel for Strategic Governmental Solutions, Inc. ("SGS"). MTI's request for expedited consideration was granted by previous order.  The response deadline expired on March 14, 2008, no response was filed by Mr. O'Hara, and the motion is deemed submitted for decision.

Briefly, the attorney representing SGS and the individual defendants was allowed to withdraw on February 5, 2008 when a conflict of interest arose due to the joint representation of all defendants.  Default was entered against SGS, and SGS was given until March 5, 2008 to retain substitute counsel.  On the afternoon of March 5, 2008, Joseph J. O'Hara, the President of SGS and a member of the bar of the District of Columbia, transmitted an entry of appearance to the Clerk's Office by fax; the original copy of the document was filed on March 10.  Mr. O'Hara was not admitted to practice in this district until March 13, 2008.[1]

MTI contends Mr. O'Hara should be disqualified to represent any of the defendants because his entry of appearance (by fax and without being admitted to practice in this district) did not comply with the requirements of the court's February 5, 2008 order and because Mr. O'Hara will be a necessary witness at trial.  MTI also argues, quite persuasively, that Mr. O'Hara should be prohibited from representing the individual defendants because prior counsel was allowed to withdraw due to the conflict of interest that arose in the joint representation of the defendants.

---

[1]Since Mr. O'Hara substantially complied with the court's scheduling order regarding his notice of appearance and admission pro hac vice, the court will deem Filings 364 and 366 to be timely.

The record shows that the activities of Mr. O'Hara, as the sole owner and former President of SGS[2], have been of substantial evidentiary interest since the inception of this case. MTI, SGS, and the individual defendants all identified Mr. O'Hara as a person with information their Rule 26(a)(1) disclosures, served on September 14, 2006. His name appears in the factual allegations of the Amended Complaint (Doc. 227) no fewer than 30 times, and his writings, calendars and statements appear prominently throughout the record.

Thus, assuming without deciding that Mr. O'Hara was properly admitted to practice in this court, he cannot serve as counsel for any of the defendants in this case because he will be a necessary witness at trial.

The Local Rules of Practice, NEGenR 1.7(b), provide:

**(b)  Ethical Standards.**  The standards of conduct governing the members of the bar of this court are these:
**(1)  Rules.**  Counsel shall comply with the rules of this court; and
**(2)  Conduct.**  Counsel shall refrain from conduct unbecoming of a member of the bar.
(A)  The court declines specifically to adopt particular codes of professional responsibility or particular codes of ethics promulgated by others.
(B)  However, and in addition to any other material, the court may consult codes of professional responsibility or codes of ethics promulgated by others when determining whether a lawyer has engaged in conduct unbecoming of a member of the bar.

The court can find absolutely no authority suggesting it would be proper or acceptable for Mr. O'Hara to represent any party in this case. To the contrary, Rule 3-3.7 of the Nebraska Rules of Professional Conduct[3] provides, in relevant part:

---

[2]The Amended Complaint (Doc. 227 at p.6, n.1) alleges that "On March 26, 2007 Mr. O'Hara resigned from his position as President of SGS shortly after being indicted for larceny for allegedly stealing over $200,000 from a nonprofit foundation he managed and served as counsel to. As of or about that date, Mr. O'Hara began providing services to SGS as an independent consultant."

[3]The Nebraska Rules of Professional Conduct were adopted by the Nebraska Supreme Court on June 8, 2005 and are effective for conduct occurring on or after September 1, 2005. The Nebraska Code of Professional Responsibility applies to conduct that occurred before September 1, 2005.

> (a)   A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>> (1)   the testimony relates to an uncontested issue;
>> (2)   the testimony relates to the nature and value of legal services rendered in the case; or
>> (3)   disqualification of the lawyer would work substantial hardship on the client.

Mr. O'Hara's proposed representation of the individual defendants further defies the ethical principles found in Rule 1-1.7[4] of the Rules of Professional Conduct.  Prior defense counsel, William R. Johnson, was allowed to withdraw pursuant to Rule 1-1.7 due to an unwaivable conflict.  There was no attempt by any of the defendants to prevent the withdrawal.  The court agrees with MTI that

> [i]f anything, Mr. O'Hara has significantly greater conflicts of interest than that identified by Mr. Johnson. First, Mr. O'Hara is the sole owner of SGS. Accordingly, Mr. O'Hara has a direct pecuniary interest in the success of one of his purported clients as opposed to the Individual Employee Defendants, Mr. O'Hara's other three expected clients. To the extent SGS' interests are not completely aligned with the interests of each of the Individual Employee Defendants, which MTI suggests they are not, Mr. O'Hara has a clear and unwaivable conflict of interest.
>
> Second, Mr. O'Hara, as the sole owner of SGS, is the indirect employer of the Individual Employee Defendants. With all due respect, Mr. O'Hara is simply incapable of providing independent and honest advice and counsel to the Individual Employee Defendants when one of the key issues in the litigation is the circumstances surrounding the alleged improper recruitment and hiring of the Individual Employee Defendants. Mr. O'Hara clearly has multiple, intractable conflicts of interest precluding his representation of the Individual Employee Defendants.

Doc. 361 at pp. 8-9.

Finally, the court finds that the disqualification of Mr. O'Hara as defense counsel will not cause substantial hardship to any of the defendants.  He is an important witness in this case and is the employer of the individual defendants.  The defendants were given a reasonable time in which to retain substitute counsel.  Instead, Mr. O'Hara submitted a last-

---

[4]Rule 1-1.7 governs conflicts of interest as to current clients.

-3-

minute notice of appearance in a form not authorized by the court and before he was admitted to practice.

**IT IS ORDERED** that MTI's Motion to Disqualify Joseph O'Hara [360]  is granted:

1.   The Clerk shall terminate the appearance of Joseph O'Hara as counsel for Strategic Governmental Solutions, Inc., and Strategic Governmental Solutions, Inc. remains in default.

2.   Joseph O'Hara may not enter an appearance or act as counsel for any party to this case.

3.   The trial of this matter will not be further delayed based on any party's need to retain or retention of substitute counsel.

**DATED March 18, 2008.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

-4-