# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MECCATECH, INC.,** | ) | **CASE NO. 8:05CV570** |
| **Plaintiff,** | ) | |
| v. | ) | **TEMPORARY RESTRAINING ORDER** |
| **CLAUDIA KISER, SARAH SHEPHERD, PAT BARIL, STRATEGIC GOVERNMENTAL SOLUTIONS, INC., GARY LANG, JOSEPH J. O'HARA, and EDUCATIONAL SERVICES & PRODUCTS, LLC,** | ) | |
| **Defendants.** | ) | |

This matter came on for hearing on the Plaintiff MeccaTech, Inc.'s ("MeccaTech") *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 433) filed under seal by the Plaintiff on September 19, 2008.

When considering a motion for a preliminary injunction, a court must weigh the movant's probability of success on the merits, the threat of irreparable harm to the movant absent the injunction, the balance between the harm and the injury that issuance of an injunction might inflict on other interested parties, and the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)(en banc).

I find that the Plaintiff has shown the required Dataphase elements. The evidence strongly suggests that the Defendants have engaged in renewed efforts to compete with the Plaintiff for the business of providing Nebraska School Districts with Medicaid Administrative Claiming Services, as well as efforts to undermine the new contract between the Plaintiff and the Nebraska Association of School Boards Consortium. Plaintiff has shown that it is likely to succeed on the merits of its claims and has already succeeded on its motions for summary judgment against Mr. Baril and Ms. Shepherd on the breach of loyalty claims. The Plaintiff has shown that there is an imminent threat of irreparable harm

to its business's reputation and goodwill due to the Defendants' conduct and that the Plaintiff's injury may not be remedied by money damages in light of the pending bankruptcy actions with respect to Defendants SGS, ESP and Mr. O'Hara, and probable future bankruptcy filings by Mr. Baril, Ms. Kiser and Ms. Shepherd.  I find that it is unlikely that issuance of the injunction will cause any harm to third parties, and I believe it is in the public interest generally to issue the injunctive relief.  I conclude that a temporary injunction is warranted in favor of the Plaintiff.  Accordingly,

IT IS HEREBY ORDERED:

1. Plaintiff MeccaTech, Inc.'s Motion for a Temporary Restraining Order (Filing No. 433) is granted, in part;

2. Defendants Patrick Baril, Joseph O'Hara, Gary Lange, Claudia Kiser and Sarah Shepherd (collectively "Defendants"), and any and all third parties in active concert with the Defendants, are temporarily restrained from directly, or indirectly, for themselves or on behalf of others, communicating with, or providing Medicaid administrative claiming services to, any Nebraska school or Educational Service Unit;

3. Pursuant to Rule 65(c), the Court in its discretion does not require the Plaintiff to post a bond with the Clerk of Courts of the United States District Court for the District of Nebraska;

4. This Temporary Restraining Order will expire at 11:59 p.m. on October 3, 2008, unless otherwise extended or vacated. The parties should note that, once granted, a temporary restraining order can be extended beyond its initial duration for "good cause" or by the consent of the adverse party. Fed. R. Civ. P. 65(b). The rule requires that "[the reasons for an extension . . . be entered in the record." Fed. R. Civ. P. 65(b);

5. That a hearing on the Plaintiff's motion for preliminary injunction against the Defendants, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for the purpose of extending the temporary relief granted in this Order as well as additional relief requested, will be set within seven to ten days of the date of this Order, following consultation with counsel for the parties regarding their availability;

6. The Clerk of the Court is directed to unseal Filing Nos. 433-436;

7. Service of this Order shall be made via CM/ECF on all parties, including Gary W. Lange, listed as an Interested Party, and may additionally be made by email, facsimile, mail, overnight delivery to the business address of any defendant, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of defendants, or by publication; and

8. In addition to the service above, the Clerk of the Court shall send a copy of this Order via email and first-class mail to Joseph J. O'Hara at:

> THE O'HARA GROUP & ASSOCIATES
> 1025 Connecticut Avenue N.W.
> Washington, DC 20036
> TOGALawFirm@aol.com

and on Joseph J. O'Hara at:

> 19 Dove Street Suite 104
> Albany, NY 12210-1346
> jjohara@espllc.com

and on Paul A. Levine at:

> Lemery Greisler, LLC
> 50 Beaver Street, 2nd Floor
> Albany, NY 12207
> plevine@lemerygreisler.com.

DATED this 23rd day of September, 2008, at 4:10 p.m., Central Daylight Time.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3