IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MECCATECH, INC.,** | ) | **CASE NO. 8:05CV570** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| | ) | **ON PLAINTIFF'S MOTION FOR** |
| **CLAUDIA KISER, SARAH SHEPHERD,** | ) | **PRELIMINARY INJUNCTION** |
| **PAT BARIL, STRATEGIC** | ) | |
| **GOVERNMENTAL SOLUTIONS, INC.,** | ) | |
| **GARY LANGE, JOSEPH J. O'HARA,** | ) | |
| **and EDUCATIONAL SERVICES &** | ) | |
| **PRODUCTS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

    This matter is before the Court on Plaintiff MeccaTech, Inc.'s Motion for Preliminary Injunction (Filing No. 433). On September 23, 2008, the Court entered a temporary restraining order enjoining Defendants Patrick Baril, Joseph O'Hara, Gary Lange, Claudia Kiser, and Sarah Shepherd (collectively "Defendants"), and any and all third parties in active concert with the Defendants, from directly, or indirectly, for themselves or on behalf of others, communicating with, or providing Medicaid administrative claiming services to any Nebraska school or Educational Service Unit. (Filing No. 438).

    The Court held a hearing on the Motion for Preliminary Injunction on Thursday, October 2, 2008, at 1:00 p.m. (Filing No. 447). The Court heard testimony from Defendant O'Hara, received evidence offered by the Defendants, and heard arguments. The Court allowed the Plaintiff until 5:00 p.m. on October 3, 2008, to supplement the record and allowed the Defendants until 5:00 p.m. on October 6, 2008, to supplement the record or to respond to the Plaintiff's supplemental filings.

**FACTUAL BACKGROUND**

For a detailed factual background of this case, the Court refers the reader to the lengthy recitation contained in the Court's April 15, 2008, Memorandum and Order on Plaintiff's Motion for Preliminary Injunction (Filing No. 417).

The case was referred to the United States Bankruptcy Court for the District of Nebraska on April 28, 2008 (Filing No. 430). In a Report and Recommendation, filed on September 18, 2008, the Bankruptcy Court[1] recommended that the referral be withdrawn. The Court accepted the Bankruptcy Court's Report and Recommendation for the purpose of the hearing on the Motion for Temporary Restraining Order on September 23, 2008. Hearing no objections from the parties at the Preliminary Injunction hearing on October 2, 2008, the Court accepted the Report and Recommendation that the referral to the United States Bankruptcy Court for the District of Nebraska be withdrawn.

During the period of time that the case was referred to the Bankruptcy Court, Defendant Educational Services & Products, LLC, a Michigan Limited Liability Company ("ESP(MI)"), and Defendant Joseph J. O'Hara filed separate petitions for bankruptcy in the United States Bankruptcy Court for the Northern District of New York. Certain assets of ESP(MI) and Strategic Governmental Solutions, Inc. ("SGS") were purchased by Educational Services & Products Acquisitions ("ESP Acquisitions") through the bankruptcy proceedings and a new entity, Educational Services & Products, LLC, was incorporated in Delaware ("ESP(DE)"). Defendants O'Hara and Baril are employed as independent contractors for ESP(DE).

---

[1] The Honorable Timothy J. Mahoney, United States Bankruptcy Court for the District of Nebraska.

**DISCUSSION**

**The *Dataphase* Factors**

In determining whether a preliminary injunction should issue, the Court is required to consider the factors set forth in *Dataphase Systems, Inc. v. C.L. Sys. Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (*en banc*). A district court should weigh "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Id.*

The burden of establishing the necessity of a preliminary injunction is on the movant. *Baker v. Electric Co-op, Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir.1994). "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." *Baker*, 28 F.3d at 1472 (quoting *Calvin Klein Cosmetics Corp. v. Lenox Labs, Inc.,* 815 F .2d 500, 503 (8th Cir.1987)).

I find that the Plaintiff has shown the required *Dataphase* elements. The evidence strongly suggests that the Defendants have engaged in renewed efforts to compete with the Plaintiff for the business of providing Nebraska School Districts with Medicaid Administrative Claiming ("NEBMAC") services, as well as efforts to undermine the new contract between the Plaintiff and the Nebraska Association of School Boards' Consortium. Plaintiff has shown that it is likely to succeed on the merits of its claims and has already succeeded on its motions for summary judgment against Mr. Baril and Ms. Shepherd on the breach of loyalty claims. The Plaintiff has shown that there is an imminent threat of irreparable harm to its business reputation and goodwill due to the Defendants' conduct and that the Plaintiff's injury may not be remedied by money damages in light of the pending bankruptcy actions with respect to Defendants SGS, ESP(MI) and Mr. O'Hara.

It is unlikely that issuance of the injunction will cause any harm to third parties; ESP(DE) may continue to do business with Nebraska School Districts and Educational units in matters unrelated to NEBMAC services, however, it may not utilize or in any manner act in concert with Mr. Baril, Mr. O'Hara, Ms. Kiser, Ms. Shepherd, or Mr. Lange to do so. Finally, it is in the public interest that the injunctive relief issue due to the involvement of the public schools and the need to insulate those public institutions from any bad faith efforts by the Defendants aimed at securing contracts to provide various Medicaid related services.  I conclude that an injunction is warranted in favor of the Plaintiff.

**Breadth of the Injunctive Relief**

At the October 2, 2008, hearing the Defendants argued that the language of the Temporary Restraining Order (Filing No. 438) entered by the Court on September 23, 2008, was overly broad.  I have considered that argument and have found that the language of the preliminary injunction needs to be carefully tailored to fit the facts and circumstances presented to the Court.

First, both Ms. Kiser and Ms. Shepherd contend that they are no longer employed by ESP and that any injunction should not be so broad as to restrict them from contacting Nebraska school districts or Educational Service Units ("ESUs") with respect to pursuing employment opportunities and/or obtaining references for use in their employment searches. (Filing Nos. 454 & 459-2).  Counsel for MeccaTech had no objection to allowing contact for that limited purpose.  Therefore, the terms of the injunction will allow Ms. Kiser and Ms. Shepherd to communicate with Nebraska school districts and/or ESUs for the limited purpose of obtaining job-related references or referrals, and seeking direct employment, as long as that direct employment is in a capacity unrelated to NEBMAC services or any other area in which MeccaTech provides services.

Defendants Mr. O'Hara and Mr. Baril have clearly acted in bad faith in their efforts to undermine MeccaTech's current contract with the NASB Consortium and in their efforts to secure NEBMAC services for Nebraska School Districts and Educational Service Units. In a September 3, 2008, e-mail sent to members of the NASB Consortium, Mr. Baril indicating that he, Ms. Kiser and Ms. Shepherd were "in the process of forming a new consortium" to provide NEBMAC services for a handful of schools that were not members of the NASB or Lincoln/Omaha consortium (Filing No. 435-15). In a later e-mail, Mr. Baril offered advice to a NASB consortium member on how to withdraw from the NASB Consortium and how to join ESP's Consortium (Filing No. 346-16).[2] After consultation between counsel for MeccaTech and ESP, Mr. Baril sent a follow-up e-mail attempting to "clarify and correct" the information provided in his previous e-mails. (Filing No. 435-4). The follow-up e-mail informed the NASB Medicaid Consortium members that ESP would not be able to provide NEBMAC services to current or former members for the 2008-2009 school year.

Contemporaneous with Mr. Baril's e-mail solicitations, in a September 2, 2008, letter to John Bonaiuto, Executive Director for the NASB, Mr. O'Hara, in his role as Managing Director of ESP, indicated that ESP would continue to market NEBMAC services to those school districts and educational service units in Nebraska that are not part of the NASB Medicaid Consortium and/or the Lincoln/Omaha Medicaid Consortium. He stated that "[s]ince ESP has retained Patrick C. Baril to work on projects in several other States, he will be available, if/as needed, to provide services to ESP's NEBMAC clients in Nebraska.

---

[2]The e-mail concluded with the following, "If you like the way things operated in the past, the amounts of reimbursements you have received, the services you have received, and if you would like to see everything remain the same, then please consider staying with the people who provided you with all of the above." (Filing No. 435-16).

5

In addition, ESP will also attempt to hire Claudia A. Kiser and Sarah A. Shepherd to serve as NEBMAC Account Managers if/as they are needed in Nebraska."[3]  (Filing No. 463-4).

As employees of MeccaTech, Defendants Baril, Kiser, Shepherd, and Lange developed close business relationships with public school personnel as they worked with the school districts and ESUs to provide NEBMAC services.  Both during their employment by MeccaTech and their subsequent employment with ESP, Defendants Baril, Shepherd and Kiser unfairly exploited those relationships in an effort to compete and take business away from MeccaTech.  ESP(DE) now intends to provide document storage and retrieval services to Nebraska school districts and ESUs and to lobby for legislative changes to allow private companies to contract with schools to provide Medicaid direct services billing.  Both Mr. O'Hara and Mr. Baril appear to be involved in those efforts.  In light of the Defendants' history of unfairly exploiting the professional relationships they formed with school personnel as MeccaTech employees, they should not be permitted to use such relationships to solicit and secure business for their subsequent employer.  ESP(DE) should not benefit from the bad faith actions of the Defendants.  For those reasons, the Court's preliminary injunction will be broad in scope.

Accordingly,

IT IS HEREBY ORDERED:

1. Plaintiff MeccaTech, Inc.'s Motion for a Preliminary Injunction (Filing No. 433) is granted;

2. Defendants Patrick Baril, Joseph O'Hara, Gary Lange, Claudia Kiser and Sarah Shepherd (collectively "Defendants"), and any and all third parties in active concert with the Defendants, are restrained from directly, or indirectly, for themselves or on behalf of others, communicating with, or providing

---

[3]Ms. Kiser contends that she did not authorize Mr. O'Hara to use her name nor did she receive a copy of the letter.  She further indicated that she has "no intention of going to work for Educational Services and Products, LLC in the state of Nebraska." (Declaration of Claudia Kiser, Filing 465, p. 3).

       Medicaid administrative claiming services, document storage or retrieval services, or direct services billing to any Nebraska school or Educational Service Unit;

3. Defendants Claudia Kiser and Sarah Shepherd shall be allowed to communicate with Nebraska school districts and/or ESUs for the limited purpose of obtaining job-related references or referrals, or seeking direct employment, as long as that direct employment is in a capacity unrelated to Medicaid Administrative Claiming or any other area in which MeccaTech provides services;

4. This Order shall remain in effect until October 8, 2009;

5. Pursuant to Rule 65(c), the Court in its discretion does not require the Plaintiff to post a bond with the Clerk of Courts of the United States District Court for the District of Nebraska;

6. Service of this Order shall be made via CM/ECF on all parties and may additionally be made by email, facsimile, mail, overnight delivery to the business address of any defendant, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of defendants, or by publication; and

7. In addition to the service above, the Clerk of the Court shall send a copy of this Order via email and first-class mail to Joseph J. O'Hara at:

       THE O'HARA GROUP & ASSOCIATES
       1025 Connecticut Avenue N.W.
       Washington, DC 20036
       TOGALawFirm@aol.com

and on Joseph J. O'Hara at:

       19 Dove Street Suite 104
       Albany, NY 12210-1346
       jjohara@espllc.com

DATED this 8th day of October.

       BY THE COURT:

       s/Laurie Smith Camp
       United States District Judge