## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MECCATECH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CLAUDIA KISER, SARAH SHEPHERD, PAT | ) | 8:05CV570 |
| BARIL, and STRATEGIC GOVERNMENTAL | ) | |
| SOLUTIONS, INC., GARY LANGE, JOSEPH J. | ) | ORDER |
| O'HARA, and EDUCATIONAL SERVICES & | ) | |
| PRODUCTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's motions for entry of default as to defendants Gary Lange and Educational Services & Products, LLC ("ESP"). The court has considered the response in opposition (Doc. 498 & Doc. 499) filed by Mr. Lange. ESP did not respond to the motion.

### BACKGROUND

A prior motion for default judgment against Strategic Governmental Solutions, Inc. ("SGS") (Doc. 370) was set for hearing April 8, 2008, before Judge Smith Camp. Plaintiff subsequently filed a Motion for Attachment, Temporary Restraining Order and Preliminary Injunction (Doc. 379). The court entered a temporary restraining order on April 1, 2008 (Doc. 384) and ordered the parties, including Gary Lange, to appear on April 8, 2008 for a hearing on the motion for preliminary injunction. The April 1, 2008 order was served on Gary W. Lange, who had previously appeared as an interested party in a discovery dispute.

On Monday, April 7, 2008, however, the court received notice that SGS (and only SGS) had filed for Chapter 7 Bankruptcy in the Northern District of New York. Plaintiff's attorneys appeared for the hearing on Tuesday, April 8, 2008. No appearances were entered on behalf of the defendants or Gary Lange, whose attorney had been served with notice of the hearing. As a result of SGS'

bankruptcy petition, Judge Smith Camp declined to hear testimony on the motion for default judgment against SGS, but did hear argument regarding whether the automatic stay provided in 11 U.S.C. § 362 applied to plaintiff's motion for preliminary injunction.   The court also granted plaintiff's oral motion for leave to file a second amended complaint adding ESP[1], Joseph O'Hara and Gary Lange as defendants.  *See* Minute Entry No. 409 & Doc. 417 at n.1 & p. 11/27.

Plaintiff filed its Second Amended Complaint on April 21, 2008.  On April 28, 2008, the entire case was referred to the U.S. Bankruptcy Court for the District of Nebraska pursuant to NEGenR 1.5(a)(1), in light of the SGS bankruptcy petition.

The reference to the bankruptcy court was withdrawn on October 2, 2008, *see* Minute Entry No. 456, upon the recommendation of U.S. Bankruptcy Judge Timothy J. Mahoney (Doc. 431).

## DISCUSSION

### 1.  Educational Services & Products, LLC

ESP's registered agent was served by certified mail with summons and a copy of the Second Amended Complaint on April 25, 2008.  On April 30, 2008, however, ESP filed a Chapter 11 bankruptcy petition in the Northern District of New York (Albany), Case No. 08-11400, and plaintiff's claims against it became subject to the automatic stay pursuant to 11 U.S.C. § 362.

On August 6, 2008, the New York bankruptcy judge entered an order modifying the automatic stay to allow the case at bar to continue against ESP in certain respects.  The automatic stay was lifted

> with regard to claims against [ESP and SGS] to permit MeccaTech to proceed in the Nebraska District Court to liquidate the amount of its claim against the Defendants; provided, however, that the stay is not lifted with respect to the existence of any constructive trust or similar theory of ownership[.]

---

[1]Strategic Governmental Solutions, Inc. ("SGS"), transferred substantially all of its assets to ESP in July 2007.

-2-

Doc. 494 -3 at p. 5/6.

No attorney has ever entered an appearance on behalf of ESP in this action, and ESP has not filed any response to the Second Amended Complaint.  The court finds that ESP is in default and that plaintiff's motion for entry of default (Doc. 494) should be granted as to ESP.

### 2.  Gary W. Lange

Gary Lange was personally served with summons and  a copy of the Second Amended Complaint on May 8, 2008, while this matter was still pending before the Bankruptcy Court in Nebraska.

On May 27, 2008, the Nebraska Bankruptcy Court received from Lange's attorney a motion to dismiss the Second Amended Complaint, together with a supporting brief.  The documents were immediately returned to counsel for failure to submit them to the Bankruptcy Court in the proper format.  The motion and brief were re-filed on May 30, 2008; however, Lange's attorney was given notice that he had not complied with Neb. R. Bankr. P. 9013-1.  Lange was given 14 days to comply, or the motion would be considered abandoned.  The records of the court do not show that Mr. Lange ever complied with Neb. R. Bankr. P. 9013-1.  His motion to dismiss was deemed abandoned and was not transferred to this court as a pending motion when the bankruptcy reference was withdrawn on October 2, 2009.

Lange objects to an entry of default, asserting that he "was not required to file an Answer to the Second Amended Complaint, since there was a 'Stay' in said action by the United States Bankruptcy Court."  This argument is without merit, as the automatic stay never applied to plaintiff's claims against Mr. Lange.

> "It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Teachers Ins. and Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (listing cases).  In *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992) (quoting *Maritime Elec. Co. v. United Jersey*

> *Bank*, 959 F.2d 1194, 1205 (3d Cir. 1992)), our court was "persuaded that the stay
> required by section 362 should extend only to claims against [the debtor], and that
> the stay is not available to nonbankrupt codefendants, 'even if they are in a similar
> legal or factual nexus with the debtor.'"

*American Prairie Const. Co. v. Hoich*, 2009 WL 749816 at *4, Cases Nos. 08-1288, 08-1292, &
08-1394 (8th Cir., Mar. 24, 2009).

In summary, Mr. Lange's purported motion to dismiss was deemed abandoned by the
Bankruptcy Court and he was given notice to that effect. He received notice of Judge Mahoney's
September 12, 2008 Report and Recommendation[2] (Doc. 431), which succinctly explains:

> MeccaTech, Inc. reports that it has obtained relief from the automatic stay from
> the United States Bankruptcy Court for the Northern District of New York to go
> forward with litigation to liquidate its claim against [SGS, ESP], and other
> defendants. The stay was not lifted with respect to the existence of any constructive
> trust or similar theory of ownership as it concerns MeccaTech's claim against [SGS]
> or [ESP]  MeccaTech also reports that the New York bankruptcy court is willing to
> sign a proposed order lifting the automatic stay against debtor-defendant Joseph
> O'Hara so MeccaTech can obtain injunctive relief against him with regard to his
> business activities in Nebraska.
>
> Because the automatic stay no longer protects the debtors [SGS, ESP and Joseph
> O'Hara] with regard to this litigation, outside of the limited scope described above,
> I respectfully recommend  to the United States District Court for the District of
> Nebraska that it withdraw the reference of this case for all further proceedings.

The other individual codefendants took prompt action[3] to respond to the Second Amended
Complaint after receiving notice that the automatic stay no longer protected the debtors (SGS, ESP
and O'Hara) in this litigation and after receiving notice of the Temporary Restraining Order entered

---

[2]The Report and Recommendation addresses the Chapter 11 petition filed by ESP (Case No. 08-11400)
and Chapter 7 petitions filed by SGS (Case No. 08-11047) and Joseph O'Hara (Case No. 08-12108) in the
Northern District of New York.

[3]Substitute counsel entered an appearance on behalf of individuals Baril and Shepherd and filed answers
to the Second Amended Complaint on September 25, 2008. Joseph O'Hara, *pro se*, filed a motion to dismiss
the Second Amended Complaint on October 1, 2008. The claims against Claudia Kiser were settled and have
been dismissed.

by Judge Smith Camp on September 23, 2008.  Mr. Lange did not, although he was given timely notice of all those activities.

The court finds that Gary W. Lange is in default and that plaintiff's motion for entry of default (Doc. 496) should be granted as to Gary W. Lange.

### ORDER

Pursuant to Fed. R. Civ. P. 55, the court finds that defendants Educational Services & Products, LLC and Gary W. Lange have failed to plead or otherwise defend, and the failure has been shown by affidavit or otherwise.  Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's motions for entry of default (Doc. 494 & Doc. 496) are granted, and the Clerk of the Court shall enter default against defendants **Educational Services & Products, LLC** and **Gary W. Lange** in accordance with Fed. R. Civ. P. 55(a).

2.  Any appeal or objection to this Order, or motion to set aside the Clerk's entry of default, shall be filed no later than **April 27, 2009.**

3.  Plaintiff's counsel shall immediately serve a copy of this Order on the appropriate agent, trustee, and/or representative of **Educational Services & Products, LLC** and shall file proof of service with the court no later than **April 20, 2009.**

**DATED April 8, 2009.**

> **BY THE COURT:**
>
> **s/ F.A. Gossett**
> **United States Magistrate Judge**