IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MECCATECH, INC.,** | ) | **CASE NO. 8:05CV570** |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| **CLAUDIA KISER, SARAH SHEPHERD, PAT BARIL, STRATEGIC GOVERNMENTAL SOLUTIONS, INC., GARY LANGE, JOSEPH J. O'HARA, and EDUCATIONAL SERVICES & PRODUCTS, LLC,** | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 388) issued by Magistrate Judge F.A. Gossett recommending that I grant MeccaTech, Inc.'s Motion for Sanctions Against Strategic Governmental Solutions, Claudia Kiser,[1] Sarah Shepherd, and Pat Baril (collectively, "the SGS Defendants") (Filing No. 324). Also before the Court is Shepherd and Baril's Motion to Set Aside the Report and Recommendation and to Allow Defendants to Respond to MeccaTech, Inc.'s Motion for Sanctions. (Filing No. 450).

The Court has reviewed the brief and evidentiary submissions (Filing Nos. 325 and 326) presented to the Magistrate Judge by MeccaTech, Inc. ("MTI"), in support of its Motion for Sanctions, as well as the briefs and evidentiary submissions filed in support of, and in opposition to, Shepherd and Baril's Motion to Set Aside (Filing Nos. 451, 452, and 488).

---

[1] The claims against Kiser were settled and have been dismissed, with the exception of MeccaTech's claim for injunctive relief, pursuant to Filing No. 500. Therefore, those portions of the Motion for Sanctions and the Report and Recommendation, as they pertain to Kiser, are moot. Moreover, Kiser's Motion to Set Aside the Report and Recommendation of the Magistrate Judge and to Allow the Defendant Claudia Kiser to Respond to Plaintiff's Motion for Sanctions (Filing No. 442) will be denied as moot.

**BACKGROUND**

In his April 2, 2008, Report and Recommendation (Filing No. 388), Judge Gossett provided a thorough account of the events leading to the filing of MTI's Motion for Sanctions. I adopt Judge Gossett's summary of facts, and I refer the reader to his detailed summary for background of the issues that were before him for his consideration of MTI's Motion for Sanctions. This Memorandum and Order will focus on relevant events occurring since the filing of the Report and Recommendation.

No Statement of Objections to the Magistrate Judge's Recommendation was filed by any of the SGS Defendants within the time period prescribed by the Local Rules.[2] In fact, Shepherd and Baril did not file any response to the Report and Recommendation until October 2, 2008, six months after it was entered.[3] In the interim period, but after the deadline for filing objections to the Report and Recommendation had passed on April 21, 2008,[4] the case was referred to the United States Bankruptcy Court for the District of Nebraska by an Order of Reference dated April 28, 2008. The referral was made upon confirmation of Strategic Governmental Solutions' Chapter 7 Bankruptcy filing in the United

---

[2] "A party may object to a magistrate judge's recommendation in a dispositive matter . . . by filing a "Statement of Objections to Magistrate Judge's Recommendation" within 10 business days after being served with the recommendation, unless the court orders a different time." NECivR 72.3.

[3] Strategic Governmental Solutions, Inc., has not responded in any way to MTI's Motion for Sanctions or to the Magistrate Judge's subsequent Report and Recommendation.

[4] The computation of the deadline includes the 3-day federal mailing rule. See NECivR 6.1 (b).

States Bankruptcy Court for the Northern District of New York.  (Filing No. 430).  In a September 12, 2008, Report and Recommendation, the Honorable Timothy J. Mahoney, of the United States Bankruptcy Court for the District of Nebraska, recommended that this Court "withdraw the reference of this case for all further proceedings."  (Filing No. 431, p. 2).[5]  The recommendation was based on MTI's report that it had "obtained relief from the automatic stay from the United States Bankruptcy Court for the Northern District of New York to go forward with litigation to liquidate its claim against Strategic Governmental Solutions, Inc., Educational Services & Products, LLC, and other defendants."  (Filing No. 431, p. 1).  Consistent with Judge Mahoney's Report and Recommendation, the Court withdrew its reference to the Bankruptcy Court in a hearing on October 2, 2008.  (Text Minute Entry, Filing No. 456).

Counsel for Defendants Shepherd and Baril entered his appearance on September 25, 2008.  (Filing Nos. 439 and 440).  Shepherd and Baril filed their Motion to Set Aside the Report and Recommendation and to Allow Defendants to Respond to MTI's Motion for Sanctions on October 2, 2008.  (Filing No. 450).  Shepherd and Baril argue that in conjunction with the withdrawal of their previous counsel, Judge Gossett issued an Order (Filing No. 346) granting their motion to extend court-ordered deadlines (Filing No. 343), including their deadline to respond to MTI's Motion for Sanctions.  A new scheduling order was never entered and a new response deadline for MTI's Motion for Sanctions was never set.  Instead, Judge Gossett entered his Report and Recommendation on the Motion for Sanctions on April 2, 2008, absent any response from the SGS Defendants.  Shepherd

---

[5] The Report and Recommendation was filed with the District Court on September 18, 2009.

3

and Baril contend they were not represented by counsel at that time. They further contend they "were unaware of any deadline or obligation to respond to the Motion for Sanctions, and were also unaware of any obligation or opportunity to respond to the Report and Recommendation entered by the Magistrate Judge prior to the setting of any deadline to respond." (Filing No. 450, p. 2). In their motion, brief, and declarations filed in support of their motion, Shepherd and Baril deny MTI's allegations that they willfully engaged in spoliation of evidence. (Filing Nos. 450-52). They ask the Court to allow them the opportunity to respond fully to MTI's Motion for Sanctions.

## DISCUSSION

Shepherd and Baril argue that Judge Gossett entered his Report and Recommendation prematurely, prior to setting a new deadline for their response to MTI's Motion for Sanctions. The record reflects that a motion to continue several deadlines, including the response to the Motion for Sanctions, was granted by Judge Gossett in his February 5, 2008, Order. (Filing No. 346). The Order further anticipated the entry of a new scheduling order. (*Id.*). Such an order was not entered, but rather Judge Gossett entered a Report and Recommendation on April 2, 2008, without a response from any of the SGS Defendants.

While it might have been preferable if a new scheduling order had been issued, directing the SGS Defendants to respond to MTI's Motion for Sanctions by a date certain, once the SGS Defendants were in receipt of the Report and Recommendation they had a duty to file any objections in accordance with the Federal Rules of Civil Procedure and the Local Rules. They failed to do so. Had they filed a timely Statement of Objections, the Court would have been in a position to consider their arguments and evidence offered to

4

counter MTI's allegations of willful spoliation of evidence. A timely Statement of Objection also would have enabled the Court to consider arguments and evidence offered by Shepherd and Baril to challenge the timing and content of Judge Gossett's Report and Recommendation. The excuse offered by Shepherd and Baril, that they were proceeding pro se at the time the Report and Recommendation was entered, is not compelling. In his February 5, 2008, Order allowing their previous counsel to withdraw, Judge Gossett clearly stated that if the Defendants proceeded without legal representation they were responsible for complying with the Court's orders and rules:

> Upon the filing of proof of service pursuant to Paragraph 2 of this Order, defendants **Claudia Kiser**, **Sarah Shepherd** and **Pat Baril** will be deemed to be proceeding *pro se*, that is, without the assistance of counsel, ***unless*** substitute counsel has entered a written appearance on their behalf. If substitute counsel has not entered a written appearance, defendants **Claudia Kiser**, **Sarah Shepherd** and **Pat Baril** shall file written notices of their current addresses and telephone numbers within five (5) business days of being served with the documents described in Paragraph 1 of this Order. The defendants may retain substitute counsel at any time; however, until such time as substitute counsel enters a written appearance, they shall personally comply with all orders of this court, the Federal Rules of Civil Procedure, and the Local Rules of Practice. Failure to comply with these requirements may result in the imposition of sanctions, including payment of costs and attorney's fees and/or the entry of default, pursuant to Rule 37 of the Federal Rules of Civil Procedure.

(Filing No. 346, emphasis in original).[6] Judge Gossett repeated the admonition in a subsequent Order in which he directed the Clerk of the Court to enter Shepherd, Baril, and Kiser's appearances pro se.[7] Shepherd and Baril did not file a timely objection in

---

[6]The Court notes that Shepherd and Baril complied with the portion of Judge Gossett's Order requiring them to file written notices of their current addresses and telephone numbers. (Filing Nos. 354 and 355).

[7]Specifically, the Court advised that Shepherd, Baril, and Kiser "may retain substitute counsel at any time; however, until such time as substitute counsel enters an written appearance they shall personally comply with all orders of this court, the Federal Rules of Civil Procedure, and the Local Rules of Practice." (Filing No. 351).

accordance with the Rules. Therefore, they have waived any argument against the Motion for Sanctions and any objections to the subsequent Report and Recommendation.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1) and NECivR 72.4, the Court has conducted a *de novo* review of the record. Because Magistrate Judge Gossett fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation with respect to the SGS Defendants, with the exception of Claudia Kiser. Furthermore, I conclude that Sarah Shepherd and Pat Baril have waived any argument that they were not given the opportunity to be heard on the Motion for Sanctions by failing to file a timely Statement of Objection to the Magistrate Judge's Report and Recommendation. Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 388) is adopted, with the exception of recommendations as to Claudia Kiser;

2. Plaintiff MeccaTech, Inc.'s Motion for Sanctions (Filing No. 324) is granted as follows:

>   a. The operative Answer (Doc. 244) of SGS shall be stricken and the entry of default maintained against SGS as a sanction pursuant to Rule 37;
>
>   b. The documents recovered from the Lange Hard Drive are admissible in evidence and the facts contained therein established for purposes of this action;
>
>   c. Defendant SGS is precluded from defending MTI's claims for tortious interference with a business relationship or expectancy, conspiracy, aiding and abetting, and civil violation of RICO; and

       d. Defendants Pat Baril and Sarah Shepherd are precluded from defending MTI's claims for breach of duty of agency, breach of duty of loyalty, and fraud.

3. Defendant Claudia Kiser's Motion to Set Aside the Report and Recommendation of the Magistrate Judge and to Allow the Defendant Claudia Kiser to Respond to Plaintiff's Motion for Sanctions (Filing No. 442) is denied as moot; and

4. Defendants Sarah Shepherd and Pat Baril's Motion to Set Aside the Report and Recommendation of the Magistrate Judge and to Allow Defendants Sarah Shepherd and Pat Baril to Respond to Plaintiff's Motion for Sanctions (Filing No. 450) is denied.

DATED this 23rd day of April, 2009.

                                  BY THE COURT:

                                  s/Laurie Smith Camp
                                  United States District Judge