**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| MECCATECH, INC., | ) | CASE NO. 8:05CV570 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CLAUDIA KISER, SARAH SHEPHERD, | ) | |
| PAT BARIL, STRATEGIC | ) | |
| GOVERNMENTAL SOLUTIONS, INC., | ) | |
| GARY LANGE, JOSEPH J. O'HARA, | ) | |
| and EDUCATIONAL SERVICES & | ) | |
| PRODUCTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendant Joseph J. O'Hara's Motion to Dismiss the Second Amended Complaint (Filing No. 448). For the reasons set forth below, the motion will be denied.

## FACTS

For purposes of the pending motion to dismiss, this Court accepts as true the factual allegations in the Second Amended Complaint (Filing No. 420), although the Court is not bound to accept the Plaintiff's legal conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

The history and factual background of this case have been set out in previous memoranda and orders of this Court. Although the Second Amended Complaint is the first to be filed against O'Hara, the basis for his Motion to Dismiss is narrow, and an in depth discussion of the factual allegations contained in the Second Amended Complaint is unnecessary. Instead, this Memorandum and Order will focus on the procedural events relevant to O'Hara's argument for dismissal of the Second Amended Complaint.

MeccaTech, Inc., ("MTI") is a Michigan company that assists school districts across the country to recover money through Medicaid reimbursements.  (Second Amended Complaint, Filing No. 420, ¶¶ 1, 11).  From 1998 through 2005, MTI contracted with approximately 180 Nebraska school districts to file Medicaid reimbursement claims on the districts' behalf for services provided to eligible students.  (*Id.* at ¶¶ 14-15).

Joseph J. O'Hara is an individual residing in the State of New York.  (*Id.* at ¶ 7). O'Hara is or was the President, Chief Executive Officer, and Sole Shareholder of Strategic Governmental Solutions, Inc. ("SGS"), a competitor of MTI.  (*Id.*).

MTI initiated this action on December 29, 2005, with the filing of the Complaint against SGS and additional defendants[1], not including O'Hara.  (Filing No. 1).  After being granted leave by the Court, MTI filed its First Amended Complaint (Filing No. 227) on October 29, 2007.  Notice of SGS's voluntary Chapter 7 bankruptcy filing was filed with this Court on April 7, 2008.[2]  (Filing No. 406).  At an evidentiary hearing on April 8, 2008, the Court granted MTI's oral motion to amend the complaint to add Educational Services and Products, LLC, Gary W. Lange, and Joseph J. O'Hara as defendants.[3] The Court directed MTI to file its second amended complaint by April 18, 2008.  (Text Minute Entry, Filing No.

---

[1]The defendants named in the original Complaint were Claudia Kiser, Sarah Shepherd, Pat Baril, and the Nebraska Association of School Boards, Inc.  (Filing No. 1)

[2]The Court notes that the Notice, later stricken by the Court, was filed by Joseph J. O'Hara, on behalf of Defendant SGS, and followed Magistrate Judge F.A. Gossett's order granting MTI's motion to disqualify O'Hara as counsel for SGS and terminating his appearance in the case.  (Filing No. 369).

[3]The evidentiary hearing was held in relation to MTI's Motion for Attachment, Temporary Restraining Order and Preliminary Injunction (Filing No. 379).

409).  The Second Amended Complaint, the first to name O'Hara as a defendant, was filed on April 21, 2008.  (Filing No. 420).

The case was referred to the United States Bankruptcy Court for the District of Nebraska by an Order of Reference dated April 28, 2008.  The referral was made upon confirmation of Strategic Governmental Solutions's Chapter 7 bankruptcy filing in the United States Bankruptcy Court for the Northern District of New York.  (Filing No. 430).  In a September 12, 2008, Report and Recommendation, the Honorable Timothy J. Mahoney, of the United States Bankruptcy Court for the District of Nebraska, recommended that this Court "withdraw the reference of this case for all further proceedings."  (Filing No. 431, p. 2).[4]  The recommendation was based on MTI's report that it had "obtained relief from the automatic stay from the United States Bankruptcy Court for the Northern District of New York to go forward with litigation to liquidate its claim against Strategic Governmental Solutions, Inc., Educational Services & Products, LLC, and other defendants."  (Filing No. 431, p. 1).  Consistent with Judge Mahoney's Report and Recommendation, this Court withdrew its reference to the Bankruptcy Court in a hearing on October 2, 2008.  (Text Minute Entry, Filing No. 456).

As alleged in the Second Amended Complaint (Filing No. 420), MTI's first claim against O'Hara is for tortious interference with business relationship or expectancy.  MTI alleges that O'Hara "unjustifiably and intentionally interfered with MTI's valuable business relationships and expectancies when [he and the other defendants] engaged in improper solicitation activities and induced and solicited the Nebraska Association of School Boards,

---

[4]The Report and Recommendation was filed with the District Court on September 18, 2008.

Inc.[5] ("NASB"), and the [Nebraska School] Districts to terminate or not renew their relationship with MTI . . . ." (*Id.* at ¶ 142).   MTI further alleges that O'Hara "unjustifiably and intentionally interfered with MTI's business relationships and expectancies with the Former Employee Defendants. . . ." (*Id.* at ¶ 145).

MTI's second claim against O'Hara, the fifth cause of action in the Second Amended Complaint, is for conspiracy.  MTI contends that O'Hara and the other defendants "conspir[ed] and mutually agree[d] to commit fraud, to unjustifiably and tortiously interfere with MTI's business relationships and to have the Former Employee Defendants breach their duty of agency and to breach their duty of loyalty [to MTI]." (*Id.* at ¶ 169).

MTI's third claim against O'Hara, the sixth cause of action in the Second Amended Complaint, is for aiding and abetting.  MTI contends that O'Hara and the other defendants "intended to aid and abet each other in the breaching of the Former Employee Defendants' respective duties of agency and loyalty, in committing fraud and in tortiously interfering with MTI's business relationships and/or expectancies." (*Id.* at ¶ 172).

MTI's fourth claim against O'Hara, the seventh cause of action in the Second Amended Complaint, is for a civil violation of RICO, 18 U.S.C. § 1962 *et seq.*  Among more specific allegations, MTI contends that O'Hara "conspired with the Former Employee Defendants with respect to their pattern of racketeering activity in violation of 18 U.S.C. § 1962(d)." (*Id.* at ¶ 180).

---

[5]Pursuant to Filing No. 349, on February 5, 2008, MTI's claims against the NASB were dismissed, with prejudice, upon the Court's approval of the Stipulation (Filing No. 345) filed by the two parties.

MTI seeks general damages, threefold damages resulting from RICO violations, interest, attorneys' fees, and costs, in addition to other specified damages related to "Defendants' ill-gotten gains." (*Id.* at p. 45-56).

### STANDARD OF REVIEW

For the reasons discussed below, O'Hara's Motion to Dismiss will be resolved under Fed. R. Civ. Pro. 12(b)(1) and (2).

A motion under Fed. R. Civ. P. 12(b)(1) challenges the existence of the Court's subject matter jurisdiction. As the party asserting jurisdiction, MTI has the burden of proving that jurisdiction is proper. *Green Acres Ent., Inc. v. U.S.*, 418 F.3d 852, 856 (8th Cir. 2005) (citing *VS Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000)).

To survive a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), a plaintiff "must state sufficient facts in the complaint to support a reasonable inference" that the defendants can be subjected to jurisdiction within the state. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (quoting *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259-60 (8th Cir. 1974)). If jurisdiction is controverted, the plaintiff has the burden of proving the jurisdictional facts. *Id.*

### DISCUSSION

O'Hara purports to file his Motion to Dismiss pursuant all seven subsections of Federal Rule of Civil Procedure 12(b).[6] O'Hara's brief, however, is devoid of any

---

[6] O'Hara also purports to bring his Motion to Dismiss pursuant to "Fed R. Civ Pro 12(A)(1)[sic]." No such reference exists under the Federal Rules of Civil Procedure, therefore the Court finds such basis for dismissal to be without merit.

discussion of the merits of his motion pursuant to subsections (3)-(7) of Rule 12(b), therefore, those bases for dismissal are deemed abandoned.

O'Hara appears to base his motion to dismiss pursuant to Rule 12(b)(1) and (2) on the same underlying argument, namely that:

> This Court lacked authority and/or jurisdiction to take any actions in this case as soon as SGS filed its bankruptcy petition, regardless of how and/or when this court became aware of that filing.  In this regard, any actions that took place in this case after April 7, 2008 are, as a matter of law, *void ab initio* – and should, therefore, be stricken from the record.

(Filing No. 449, p. 3).

**<u>Automatic Stay</u>**

An automatic stay is triggered by the filing of a petition in bankruptcy, and it stays the continuation of pre-petition litigation against the debtor.  11 U.S.C. § 362(a).  That section specifically provides in part:

> A petition under section  . . .  301  . . .  of this title,  . . . , operates as a stay, applicable to all entities, of:
>
> (1) the commencement or continuation,  . . . , of a judicial  . . . proceeding **against the debtor** that was or could have been commenced before the commencement of the case under this title, or to recover a claim **against the debtor** that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1)(emphasis added).  The automatic stay is broad in scope and applies to almost every formal and informal action against the debtor or property of the debtor, except as set forth under (b) of Section 362.  2 Lawrence P. King, *et al.*, Collier on Bankruptcy ¶ 362.04, at 362-34 (15th ed. 1996).  "The purpose of the automatic stay is to give the debtor a breathing spell from his creditors in which he may attempt a repayment or reorganization plan  . . .  The automatic stay also protects creditors by averting a

scramble for the debtor's assets and promoting instead an orderly liquidation procedure under which all creditors are to be treated equally." *Farley v. Henson*, 2 F.3d 273, 274 (8th Cir.1993) (quotation omitted). Clearly, the automatic stay applies to SGS.

In his Motion to Dismiss, O'Hara takes the position that SGS's bankruptcy filing resulted in an automatic stay of the entire case and that this Court no longer has jurisdiction or authority with respect to the non-SGS defendants, or any potential defendants such as himself who were later named in MTI's Second Amended Complaint. O'Hara vehemently argues that this Court "had no authority and/or jurisdiction to undertake any further action in this case after April 7, 2008." (Filing No. 449, p. 2). O'Hara cites provisions of the Bankruptcy Code in his brief. However, O'Hara fails to explain how those provisions, which clearly address the automatic stay as it applies to actions against the debtor, apply to individuals or entities other than SGS, the debtor.

          O'Hara relies on *Constitution Bank v. Tubbs*, 68 F.3d 685 ( 3rd Cir. 1995), to support his assertion with respect to the scope of the automatic stay triggered by SGS's bankruptcy filing. That reliance is misplaced. The court in *Tubbs* recognized that the automatic stay provision of § 362 was triggered when a defendant filed a petition for bankruptcy. *Id.* at 692. A closer reading of the case, however, contradicts O'Hara's contention that the automatic stay provision "obligated [this Court] to cease all activity in this case as soon as it became aware of SGS' [sic] bankruptcy filing." (Filing No. 449, p. 10). The court in *Tubbs* recognized that "when each defendant filed a petition for bankruptcy . . . the automatic stay arose and suspended the competence of the district court and of the parties to continue with the proceedings against **that defendant**." *Id.* at 692 (emphasis added).

7

The court recognized that the bankruptcy filings of the three defendants triggered automatic stays with respect to each defendant on separate dates. "On February 16, 1993, defendant Tubbs triggered the automatic stay by filing a petition for bankruptcy. . . . On February 26, 1993, Weinberg filed a petition for bankruptcy, thereby triggering the automatic stay. . . . On March 16, 1993, WTC triggered the automatic stay provision of § 362(a) by filing its petition for bankruptcy." *Id.* at 693-94. The holding of the court in *Tubbs* does not support O'Hara's contention that the bankruptcy filing of one defendant precludes any additional activity with respect to other remaining and potential defendants.

The Eighth Circuit has taken a similar view of the scope of the automatic stay provision of § 362. In *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675 (8th Cir. 1992), the court addressed the proper extent of a stay under § 362 with respect to the parties in an appeal pending before that court. "We are persuaded that the stay required by section 362 should extend only to claims against Alleco and that the stay is not available to nonbankrupt codefendants, 'even if they are in a similar legal or factual nexus with the debtor.'" *Id.* at 677 (quoting *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1992)). The court cited *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984), noting that "nothing in section 362 purports to extend automatic stay to claims against debtor's solvent co-defendants." *Croyden Assocs.*, 969 F.2d at 677.[7] *See*

---

[7]O'Hara subsequently filed his own bankruptcy action on June 30, 2008, in the Northern District of New York (Albany), Case No. 08-12108. Any automatic stay resulting from his bankruptcy filing is not addressed in the motion to dismiss, because the O'Hara bankruptcy action was filed after the filing of Second Amended Complaint. Technically, O'Hara filed his Motion to Dismiss after MTI's claims against him became subject to the automatic stay triggered by his bankruptcy action. This Court notes that on November 21, 2008, in response to a motion filed by MTI, the United States Bankruptcy Court for the Northern District of New York lifted the automatic stay

*also*, *American Prairie Const. Co. v. Hoich*, 2009 WL 749816 at *4, Cases Nos. 08-1288, 08-1292, & 08-1394 (8th Cir., Mar. 24, 2009).

O'Hara also argues that this Court ignored the April 7, 2008, notice of SGS's bankruptcy filing and then struck the notice "because of some unidentified technical defect." (Filing No. 449, p. 7). According to O'Hara "[b]y ignoring the notice it received on April 7, 2008 – and, worse yet, by trying to administratively obliterate that notice via its apparent nunc pro tunc action on April 15, 2008 – this Court accomplished nothing, except to call into question its fairness and judgment in this case." (*Id.* at p. 8). In fact, this Court discussed the impact of SGS's bankruptcy filing and the automatic stay when addressing MTI's Motion for Preliminary Injunction against parties other than SGS. (See Filing No. 417). In the text order striking the notice of SGS's bankruptcy due to "empty, incomplete, or incorrect PDF document attached," counsel was directed to re-file the document. (Filing No. 416). The record does not reflect that the notice was re-filed by counsel. When this Court later confirmed SGS's Chapter 7 fling in the Bankruptcy Court for the Northern District of New York through the use of the PACER Service Center, however, the entire case was referred to the Bankruptcy Court for the District of Nebraska pursuant to 28 U.S.C. § 157 and NEGenR 1.5(a)(1). (Filing No. 430).

The arguments offered by O'Hara are without merit, as the automatic stay triggered by SGS's bankruptcy filing never applied to MTI's claims against O'Hara.

**Timeliness of the Filing of the Second Amended Complaint**

---

permitting MTI to pursue the action pending in this Court, "including, but not limited to, responding to [O'Hara's] Motion to Dismiss." (Filing No. 58, N.D.N.Y. BK No. 08-12108).

9

O'Hara further argues that MTI's Second Amended Complaint was untimely filed. O'Hara notes that the Court ordered MTI to file its Second Amended Complaint by April 18, 2008, and that the Second Amended Complaint was not filed until April 21, 2008.

April 18, 2008, was a Friday and MTI filed the Second Amended Complaint on the next business day, Monday, April 21, 2008.  While the better practice would have been for MTI to file its second amended complaint on or before April 18, 2008, O'Hara has made no showing that he has been prejudiced by the brief delay in filing.

**Diversity of the Parties**

Finally, O'Hara argues that the filing of the Second Amended Complaint destroyed the Court's subject matter jurisdiction over MTI's claims.  O'Hara contends that when MTI, a Michigan corporation, added Educational Services & Products, LLC, a Michigan limited liability company, and Gary Lange, a resident of Michigan, as defendants in this action, they "eliminat[ed] the diversity jurisdiction that initially allowed this action to be brought in Nebraska."  (Filing No 448 at ¶ 18).  Although it appears that jurisdiction pursuant to 28 U.S.C. § 1332 no longer exists, this Court's subject matter jurisdiction was not based solely on the diversity of the parties, but also on a substantial question of federal law, specifically the civil RICO claim against all the named defendants.  As MTI correctly states in its response brief, "this Court retains jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States, namely 18 U.S.C. §§ 1961-68." (Filing No. 492, p. 7).[8]

---

[8]MTI's civil RICO claim, as pled in the original Complaint, was dismissed without prejudice by the Court in Filing No. 64.  However, MTI was subsequently granted leave to file an amended complaint to include a claim under RICO.  (Filing No. 226).

Accordingly,

IT IS HEREBY ORDERED:

1.      The Motion to Dismiss (Filing No. 448) filed by Defendant Joseph J. O'Hara

        is denied; and

2.      Defendant Joseph J. O'Hara will file an answer to the Second Amended

        Complaint (Filing no. 420) on or before June 25, 2009.

DATED this 1st day of June, 2009.

                                BY THE COURT:


                                s/Laurie Smith Camp
                                United States District Judge

11