# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MECCATECH, INC.,** | CASE NO. 8:05CV570 |
| **Plaintiff,** | |
| v. | **MEMORANDUM AND ORDER** |
| **CLAUDIA KISER, SARAH SHEPHERD, PAT BARIL, STRATEGIC GOVERNMENTAL SOLUTIONS, INC., GARY LANGE, JOSEPH J. O'HARA, and EDUCATIONAL SERVICES & PRODUCTS, LLC,** | |
| **Defendants.** | |

This matter is before the Court on the Defendant Gary Lange's "Objection/Motion to Set Aside Entry of Default Judgment" (Filing No. 508). That filing will be construed as both an appeal of Magistrate Judge Gossett's order of April 8, 2009 (Filing No. 503), granting MeccaTech, Inc.'s ("MTI") motion for entry of default against Lange (Filing No. 496), and a motion to set aside the entry of default.[1] The Court has reviewed Lange's filing as well as MTI's brief filed in opposition (Filing No. 510). For the reasons set forth below, the appeal and motion will be denied.

## BACKGROUND

The history and factual background of this case have been set out in previous memoranda and orders of this Court. For the purposes of addressing Lange's pending appeal and motion, an in depth discussion of the factual allegations contained in the Second Amended Complaint is unnecessary. Instead, this Memorandum and Order will

---

[1] Lange asks the Court to set aside an entry of default judgment; however, no default judgment has been entered in this matter. Instead, there has been an entry of default by the Clerk of the Court in response to MTI's motion and the Magistrate Judge's Order. (Filing No. 504).

focus on the procedural events relevant to Lange's argument opposing the Magistrate Judge's order and the entry of default against him.

At an evidentiary hearing on April 8, 2008, the Court granted MTI's oral motion to amend the complaint to add Educational Services and Products, LLC ("ESP"), Gary W. Lange, and Joseph J. O'Hara as defendants.[2] The Second Amended Complaint, the first to name Lange as a defendant, was filed on April 21, 2008. (Filing No. 420).

The case was referred to the United States Bankruptcy Court for the District of Nebraska by an Order of Reference dated April 28, 2008. (Filing No. 430). The referral was made upon confirmation of Strategic Governmental Solutions's ("SGS") Chapter 7 bankruptcy filing in the United States Bankruptcy Court for the Northern District of New York. In a September 12, 2008, Report and Recommendation, the Honorable Timothy J. Mahoney, of the United States Bankruptcy Court for the District of Nebraska, recommended that this Court "withdraw the reference of this case for all further proceedings." (Filing No. 431, p. 2).[3] The recommendation was based on MTI's report that it had "obtained relief from the automatic stay from the United States Bankruptcy Court for the Northern District of New York to go forward with litigation to liquidate its claim against Strategic Governmental Solutions, Inc., Educational Services & Products, LLC, and other defendants." (Filing No. 431, p. 1). Consistent with Judge Mahoney's Report and

---

[2] The evidentiary hearing was held in relation to MTI's Motion for Attachment, Temporary Restraining Order and Preliminary Injunction (Filing No. 379).

[3] The Report and Recommendation was filed with the District Court on September 18, 2008.

2

Recommendation, this Court withdrew its reference to the Bankruptcy Court in a hearing on October 2, 2008. (Text Minute Entry, Filing No. 456).

At the October 2, 2008, hearing on MTI's Motion for Preliminary Injunction, the Court heard testimony, received evidence, and heard arguments.[4] Neither Lange nor his counsel appeared at the hearing. The Court issued an Order on October 8, 2008, restraining Lange and the other individual defendants from "directly, or indirectly, for themselves or on behalf of others, communicating with, or providing Medicaid administrative claiming services, document storage or retrieval services, or direct services billing to any Nebraska school or Educational Service Unit." (Filing No. 467).

## DISCUSSION

Under NECivR 72.2(a), a party may appeal a nondispositive order entered in a civil case by filing a "Statement of Appeal of Magistrate Judge's Order" within ten days after being served with the order. "The district judge to whom the case is assigned . . . shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The district judge will not modify, set aside, or remand to the magistrate judge any nondispositive order or portion thereof unless clearly erroneous or contrary to law." NECivR 72.2(c).

Having reviewed MTI's Motion for Clerk's Entry of Default (Filing No. 496), MTI's index of evidence in support of that motion (Filing No. 497), Lange's objection to MTI's

---

[4]On September 23, 2008, the Court entered a temporary restraining order enjoining Defendants Patrick Baril, Joseph O'Hara, Gary Lange, Claudia Kiser, and Sarah Shepherd (collectively "Defendants"), and any and all third parties in active concert with the Defendants, from directly, or indirectly, for themselves or on behalf of others, communicating with, or providing Medicaid administrative claiming services to any Nebraska school or Educational Service Unit. (Filing No. 438).

motion and supporting index of evidence (Filing Nos. 498 and 499), MTI's reply brief and supporting index of evidence (Filing Nos. 501 and 502), Lange's Objection/Motion to Set Aside Entry of Default Judgment (Filing No. 508), and MTI's brief in opposition (Filing No. 510), I conclude that Judge Gossett's order (Filing No. 503) granting MTI's motion for Clerk's entry of default, was neither clearly erroneous nor contrary to law. Moreover, I concur with Magistrate Judge Gossett's reasoning and his conclusion.

In his Answer in Objection to Motion for Entry of Default, Lange argued that he "was not required to file an Answer to the Second Amended Complaint, since there was a 'Stay' in said action by the United States Bankruptcy Court." (Filing No. 498, p. 2). Judge Gossett correctly found Lange's argument to be without merit, in that the automatic stay did not apply to MTI's claims against Lange.[5]

Lange now argues that he responded to the Second Amended Complaint by filing a motion to dismiss in the United States Bankruptcy Court for the District of Nebraska. He asks the Court to set aside the entry of default and to "incorporate" his filings in the Bankruptcy Court as his response.[6] As Judge Gossett noted, Lange was given notice that he had failed to comply with Neb. R. Bankr. P. 9013-1 and that his motion to dismiss would be considered abandoned unless he complied with the bankruptcy rules within 14 days. There is no record that Lange ever corrected his filing to comply with Neb. R. Bankr. P.

---

[5] The parties are directed to the Court's recent Order denying Defendant O'Hara's Motion to Dismiss (Filing No. 511) for a more detailed discussion of the impact of the automatic stay resulting from SGS's bankruptcy filing.

[6] Lange also requests that this Court dismiss the Second Amended Complaint and transfer the case to Albany, New York, where the bankruptcy matters are pending for other defendants; however, neither a motion to dismiss nor a motion to transfer is properly before the Court.

9013-1 and his motion to dismiss was deemed abandoned. As a result, Lange's motion to dismiss was not transferred to this Court when the bankruptcy reference was withdrawn. There is no record in this Court that Lange has filed any responsive pleading to the Second Amended Complaint.

Lange argues that "[t]he interest of justice is not served by entering a Default Judgment against Mr. Lange who has attempted to litigate this matter notwithstanding the judicial procedural anomalies that dominated the referral of this case to the Nebraska Bankruptcy Court." (Filing No. 508, p. 2). Lange's actions contradict his statement. He has been absent from the proceedings in this matter since this Court withdrew the reference to the Bankruptcy Court.[7] He received notice, through counsel, of MTI's September 19, 2008, motion for a restraining order and preliminary injunction (Filing No. 433) and of the hearing on the motion for preliminary injunction held on October 2, 2008. Lange did not file a response or attend the hearing. Most importantly, Lange offers no explanation for his failure to comply with the Bankruptcy Court's notice of noncompliance with Neb. R. Bankr. P. 9013-1.

---

[7]On October 9, 2008, Magistrate Judge Gossett entered a Scheduling Order requiring the parties to "to specifically designate any motions or requests that were pending at the time of the bankruptcy reference, i.e., April 28, 2008, which should be reopened at this time." (Filing No. 468). The Court acknowledges that Lange's motion to dismiss was filed after April 28, 2008, and therefore Lange was not required to designate that it be reopened. However, the scheduling order should have served as a reminder to Lange to check the status of any motion he believed was still pending. Clearly this was an opportunity for Lange to bring his motion to dismiss to the Court's attention since it did not appear as a pending motion on the docket sheet due to the Bankruptcy Court's determination that it was abandoned.

According to Federal Rule of Civil Procedure 55(c) "[t]he court may set aside an entry of default for good cause."[8] Lange has failed to provide any basis to support such an action by this Court. For the reasons stated above, an entry of default is appropriate. Accordingly,

IT IS HEREBY ORDERED:

Defendant Lange's Objection/Motion to Set Aside Entry of Default Judgment (Filing No. 508) is denied.

DATED this 17th day of June, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[8] Lange also purports to bring his motion pursuant to Fed. R. Civ. P. 60(b) and MTI has addressed this argument in its brief. The application of Rule 60(b) appears to be triggered by a default judgment which has not yet been entered in this matter. Therefore, a discussion of Rule 60(b) is unnecessary.